ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 6 2013

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § | |
| AIOTV, INC. | § § § | 1:13-CV-1901 |
| Defendant. | § § § | |

**JOF**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs AT&T Intellectual Property II, L.P. ("AT&T") and Aio Wireless LLC ("Aio Wireless") (collectively, "Plaintiffs"), by and through their attorneys, James R. Thompson, Esq. and Manatt, Phelps & Phillips, LLP, as and for their complaint against aioTV, Inc. ("Defendant") allege as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, in which Plaintiffs seek a declaration that the trademarks and service marks "Aio", "Aio Wireless", "aio" (Stylized), and

"aio wireless" (Stylized) (collectively, "Aio Marks"), which are being used in connection with providing wireless voice, text and data services and the sale of related wireless devices and accessories therefor, do not infringe Defendant's claimed common law trademarks: "aio", "aioTV", "aio pro", "aio basic", "aio cloud" and others (collectively, "Defendant's Marks").

2. This action arises out of Defendant's recent demand that Plaintiffs "cease and desist from using 'aio', or anything confusingly similar thereto, as a trademark, service mark or trade name in connection with the sale and/or service of wireless devices."

## PARTIES

3. AT&T is a limited partnership organized and existing under the laws of the State of Nevada, with a principal place of business at 675 W Peachtree Street, NW, Atlanta, Georgia.

4. AT&T is the owner of the Aio Marks and trademark applications therefor, filed in the United States Patent and Trademark Office ("USPTO").

5. Aio Wireless is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 12735 Morris Road, Suite 300, Alpharetta, Georgia.

6. Aio Wireless is a wireless voice, text and data service provider and also sells mobile and other electronic devices and parts and accessories related thereto, online and through independent dealers, direct to consumers.

7. Upon information and belief, Defendant, aioTV, Inc., is a corporation organized and existing under the laws of the State of Colorado, with a principal place of business at 20234 East Lake Circle, Centennial, Colorado.

8. Upon information and belief, Defendant is an aggregator and packager of publically available television programming that it sells to content service providers, who in turn offer on-demand television streaming services to their subscribers.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1051, *et seq.*

10. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has substantial, continuous, and systemic contacts with the State of Georgia. Upon information and belief, Defendant conducts business in the State of Georgia, by making its content and streaming

services, which are provided through third parties to consumers, available in the State of Georgia. By virtue of these actions, Defendant has purposefully availed itself of the privilege of conducting business in this State.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to Plaintiffs' claims occurred herein and because the Defendant is subject to personal jurisdiction in this District.

12. An actual case or controversy exists between the parties. Defendant has threatened to take action against Plaintiffs, has asserted that Plaintiffs are engaging in acts of trademark infringement, and has demanded that Plaintiffs immediately cease and desist from using the Aio Marks as trademarks, service marks, or trade names in connection with wireless voice, text and data services and the sale of related devices. A true and accurate copy of Defendant's May 30, 2013 correspondence is attached hereto as Exhibit A.

## **GENERAL ALLEGATIONS**

13. In 2012, the entity today known as Aio Wireless was formed to create a new wireless service company to provide simplified service plans to value-

conscious customers interested in unlimited talk/text/data plans with no annual contract.

14. In connection with this new project, a brand creation company was engaged to develop a brand name suited for the mission of the new company. The brand creation company proposed numerous candidates, including "Aio".

15. After reviewing and researching the proposed new brand names, the name "Aio" (pronounced "A-O") was chosen because it expresses the brand personality: "simply, delightfully, more."

16. On May 9, 2013, Aio Wireless launched in three markets: Houston, Texas and Orlando and Tampa, Florida. It has since expanded to two additional markets: Jacksonville and Gainesville, Florida, and expects the service to roll out in multiple markets across the United States over the next year.

17. Due to the importance of the "Aio" brand name and trademark, AT&T filed applications to register the Aio Marks on the Principal Register of the USPTO as follows: "AIO" (U.S. Trademark App. Ser. No. 85/718159; filed August 31, 2012); "AIO WIRELESS" (U.S. Trademark App. Ser. No. 85/738188; filed September 25, 2012); "aio" Stylized (U.S. Trademark App. Ser. No. 85/773608; filed November 7, 2012); and "aio wireless" Stylized (U.S. Trademark App. Ser. No. 85/773612; filed November 7, 2012) (collectively, "Aio Applications").

18.     The USPTO approved each of the Aio Applications without refusal based on a likelihood of confusion with any subsisting registration or prior-pending application.

19.     Each Aio Application published in the Official Gazette between November 6, 2012 and March 12, 2013, without opposition or protest from any third party, including Defendant.

20.     The USPTO issued a Notice of Allowance for each of the Aio Applications, meaning that each mark will be registered in due course.

21.     In a letter dated May 13, 2013, outside counsel for Defendant wrote to AT&T and claimed that Defendant is the "owner" of the trademarks: "aio", "aioTV", "aio pro", "aio basic", "aio cloud" and others. A true and accurate copy of Defendant's letter dated May 13, 2013 is attached hereto as Exhibit B.

22.     Defendant, through its counsel, further claimed that AT&T's use of "Aio" constitutes trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act.

23.     On May 21, 2013, counsel for Plaintiffs contacted Defendant's counsel by telephone to inquire about the allegations contained in the May 13 letter and to see if the matter could be resolved.

1082159

24. On May 30, 2013, Plaintiffs' counsel received another letter from Defendant's counsel in which Defendant demanded that AT&T immediately cease and desist using "Aio" as a trademark, service mark or trade name, and advising that it is prepared to take aggressive action in connection therewith. (*See* Exhibit A.)

25. Defendant refers to itself as a "white label video platform for licensed and unlicensed content targeted at service providers worldwide to allow them to integrate multiple sources of live, on-demand and freely available video content into a unified TV experience across connected devices." A true and accurate copy of a press release dated May 13, 2013, retrieved from Defendant's website, is attached hereto as Exhibit C.

26. The term "white label" refers to a product or service produced by one company and sold to another company who re-labels it with its own brand name or trademarks.

27. Assuming only for the purposes of this pleading that Defendant actually owns common law rights to all of the Defendant's Marks, Plaintiffs' use of the Aio Marks is not likely to cause confusion among an appreciable number of the relevant group of consumers for numerous reasons, including but not limited to, that: (a) Defendant's Marks are commercially weak and entitled to a narrow

scope of protection; (b) the parties' products and services are distinct; (c) the parties' target customer base and channels of trade are entirely different; and (d) Plaintiffs adopted the Aio Marks without knowledge of, or intent to associate with, Defendant.

28. As a result of Defendant's cease and desist letters, an actual case or controversy exists between the parties. Defendant's accusations of trademark infringement threaten potentially serious consequences to Plaintiffs' business.

29. Due to the serious nature of Defendant's infringement allegations and the investment made by Plaintiffs in the brand name and Aio Marks, as well as the ongoing roll out of the new Aio Wireless voice, text and data services throughout the United States, Defendant's accusations and demands must be addressed now, or else they will persist and cause damage to Plaintiffs.

30. Plaintiffs are entitled to conduct their wireless service business and to offer wireless devices and related goods under the Aio Marks; and in view of Defendant's threats and allegations, Plaintiffs are in need of, and are entitled to, a judicial declaration that their use of the Aio Marks in connection with their business does not infringe upon or misappropriate any of Defendant's Marks or claimed trademark rights, or otherwise constitute false designation of origin or unfair competition.

## CLAIM FOR RELIEF

## (Declaratory Judgment of No Infringement, False Designation of Origin, or Unfair Competition)

31. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 to 30 of this Complaint as if fully set forth herein.

32. Defendant claims that Plaintiffs' use of the Aio Marks constitutes trademark infringement, false designation of origin, and unfair competition, and, under threat of litigation, demands that Plaintiffs cease use of the Aio Marks in commerce.

33. An actual, present and justiciable controversy exists between Plaintiffs and Defendant concerning the right to provide Plaintiffs' goods and services under the Aio Marks free from Defendant's interference.

34. Plaintiffs seek declaratory judgment from this Court that the use of the Aio Marks is not likely to cause confusion as to the source, affiliation, or sponsorship of Plaintiffs' goods or services with that of Defendant, to an appreciable number of purchasers.

35. Plaintiffs seek declaratory judgment from this Court that use of the Aio Marks in interstate commerce does not constitute trademark infringement of Defendant's Marks or any other trademark that it claims or may claim.

1082159

36. Plaintiffs seek declaratory judgment from this Court that use of the Aio Marks in interstate commerce does not constitute false designation of origin.

37. Plaintiffs seek declaratory judgment from this Court that use of the Aio Marks in interstate commerce does not constitute unfair competition.

38. Plaintiffs seek declaratory judgment that Defendant has suffered no, and will not suffer any, damages or loss of goodwill as a result of Plaintiffs' use of the Aio Marks.

39. Plaintiffs seek declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125.

1082159

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, AT&T and Aio Wireless, pray that the Court enter judgment in their favor, as follows:

A. declaring that Plaintiffs' and their authorized dealers' conduct, including their promotion, advertising, sale and offer for sale of goods and services under the Aio Marks, does not constitute trademark infringement, false designation of origin or unfair competition under the Lanham Act;

B. declaring that Defendant is not entitled to any injunctive relief with respect to Plaintiffs' use of the Aio Marks;

C. declaring that Defendant has not suffered any and will not suffer any harm, and thus is not entitled to damages or other relief under the Lanham Act;

D. declaring that Plaintiffs and their authorized dealers are entitled to use the Aio Marks, and that Defendant is not entitled to prevent or otherwise interfere with their use of the Aio Marks;

E. awarding Plaintiffs their costs, expenses and attorneys' fees in this action; and

F. awarding such other further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Respectfully submitted,

Dated: June 6, 2013

_____
James R. Thompson, Esq.
Georgia Bar No. 708530

675 West Peachtree Street, N.W.
AT&T Midtown Center-Suite 4300
Atlanta, Georgia 30308
Telephone:  (404) 927-2868
Facsimile:   (404) 927-3624
Email:         Jt0309@att.com

*Of Counsel*:

Darren W. Saunders, Esq.
Linda A. Goldstein, Esq.
Manatt, Phelps & Phillips LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 790-4500
Facsimile:   (212) 790-4545
Email:         dsaunders@manatt.com
Email:         lgoldstein@manatt.com

Chad S. Hummel, Esq.
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:  (310) 312-4000
Facsimile:   (310) 312-4224
Email:         chummel@manatt.com

**Attorneys for Plaintiffs**
*AT&T INTELLECTUAL PROPERTY II, L.P.*
*and AIO WIRELESS LLC*

1082159