# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § | Civil Action |
| | § | No. 1:13-cv-1901-JOF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| *v.* | § | |
| | § | |
| AIOTV, INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENJOIN DEFENDANT FROM PROSECUTING SECOND-FILED ACTION IN THE DISTRICT OF COLORADO

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................1

II.    STATEMENT OF FACTS .....................................................................3

     A.     The Parties .................................................................................3

     B.     Pre-Filing Communications ......................................................5

     C.     The First-Filed Georgia Action ................................................7

     D.     The Second-Filed Colorado Action .........................................9

III.   ARGUMENT.......................................................................................10

     A.     This Court Has the Power to Enjoin A Party from Prosecuting
           Duplicative Litigation .............................................................10

     B.     No Basis Exists for Deviating from the First-Filed Rule..................11

     C.     The Balance of Conveniences Favors this District over the
           District of Colorado................................................................15

IV.    CONCLUSION....................................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adam v. Jacobs*,
   950 F.2d 89 (2d Cir. 1991)...........................................................................10

*AFC Enters., Inc. v. GMS Haw. Corp.*,
   No. 1:03-cv-01893-RWS, slip op. (N.D. Ga. July 10, 2003) (Story, J.) (Saunders
   Decl., Ex. 18) ...............................................................................10, 11, 12

*Allstate Ins. Co. v. Clohessy*,
   9 F. Supp. 2d 1314 (M.D. Fla. 1998) ..............................................................15

*Elec. Transaction Network v. Katz*,
   734 F. Supp. 492 (N.D. Ga. 1989) ...............................................................15, 16

*Freedom Sav. & Loan Ass'n v. Way*,
   757 F.2d 1176 (11th Cir. 1985) ....................................................................16

*Genentech, Inc. v. Eli Lilly and Company*,
   998 F.2d 931 (Fed. Cir. 1993)....................................................................11, 14

*Manuel v. Convergys Corporation*,
   430 F.3d 1132 (11th Cir. 2005) ..................................................................11, 12

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
   675 F.2d 1169 (11th Cir. 1982) ...............................................................10, 11, 12

*N.W. Airlines, Inc. v. Am. Airlines, Inc.*,
   989 F.2d 1002 (8th Cir. 1993) ......................................................................11

*New England Mach., Inc. v. Conagra Pet. Prods. Co.*,
   827 F. Supp. 732 (M.D. Fla. 1993)..................................................................15

*Ottlite Technologies, Inc v. Verilux, Inc.*,
   2010 U.S. Dist. LEXIS 2990 (M.D. Fla. 2010) ...................................................11

*Supreme International Corp. v. Anheuser-Busch, Inc.*,
   972 F. Supp. 604 (S.D. Fla. 1997) ..............................................................13, 14

## STATUTES

28 U.S.C. § 1404(a) .......................................................................................15

## RULES

Rule 4(d), Fed. R. Civ. P.................................................................................9

Rule 5.1 ........................................................................................................19

# I.    INTRODUCTION

Plaintiffs AT&T Intellectual Property II, L.P. ("AT&T IP") and Aio Wireless LLC ("Aio Wireless") (collectively, "Plaintiffs") hereby move this Court to enjoin Defendant aioTV, Inc. ("Defendant") from prosecuting a second-filed, mirror image lawsuit in the District of Colorado.

Plaintiffs filed their Complaint in this Court on June 6, 2013 (the "Georgia Action").  Five days later, Defendant filed a second lawsuit in Colorado (the "Colorado Action") that raises the identical issues presented in Plaintiffs'' first-filed Georgia Action – whether Aio Wireless' use of "Aio" in connection with its wireless voice, text and data services and related mobile devices infringes Defendant's purported common law trademark rights.  Defendant's filing was an obvious, forum-shopping reaction to this first-filed case and an improper effort to avoid adjudication of Plaintiffs' claims in this venue.  Under the "first-filed" rule and the well-settled precedent in this Circuit, this Court is the appropriate forum in which to determine Plaintiffs' declaratory relief claims and any other claims that Defendant may have relating to the Aio marks.[1]

---

[1] As discussed below, this Court also is the proper one to decide the issue of which case proceeds.  To protect itself from the duplicative action in Colorado and apprise the Colorado court of this action, Aio Wireless also filed a Motion to Stay, Dismiss or, in the Alternative, Transfer Case to the Northern District of Georgia Pursuant to the First-Filed Rule ("Motion to Stay") in the District of Colorado.  A

Plaintiffs filed this action after having received two cease and desist letters from Defendant.  The second letter demanded that Aio Wireless immediately stop using its Aio and Aio Wireless trade name and service marks, but it did not set any deadline for action.   In fact, Defendant's counsel subsequently told Plaintiffs' counsel during a telephone discussion that Defendant did not want to litigate. Faced with serious demands to stop using the Aio Wireless name and service mark and uncertainty about Defendant's intentions and rights, and in view of the importance of the name and the ongoing roll-out of the new service to different markets, Plaintiffs' determined that they were in need of declaratory relief. Plaintiffs' selected this forum because their principal places of business are in Georgia – and indeed the vast majority of the relevant witnesses and documents are located in this District.

Under these circumstances, the well-settled "first-filed" rule applies, and this Court should enter an Order enjoining Defendant from prosecuting the second-filed Colorado Action.

---

Notice of Aio Wireless' Motion to Stay filed in the District of Colorado is filed concurrently.

## II.   STATEMENT OF FACTS

### A.   The Parties

1. Plaintiffs Aio Wireless and AT&T IP

Plaintiff Aio Wireless, based in Alpharetta, Georgia, is a new wireless voice, text and data service provider that offers simplified service plans to value-conscious customers interested in unlimited talk/text/data plans with no annual contract.  Aio Wireless also sells mobile devices and accessories to consumers through independent dealers and online.  On May 9, 2013, Aio Wireless launched its new service under the "Aio" trademark in three markets: Houston, Texas and Orlando and Tampa, Florida.  It since has expanded to two additional markets: Jacksonville and Gainesville, Florida, and expects the service to roll out in multiple markets across the United States over the next year.  (Georgia Comp., ¶ 16.)

In mid-2012, AT&T began the process of selecting a new name and service mark for the new company and wireless service.  AT&T engaged a highly-respected brand creation company to assist in this process.  AT&T worked with the branding company over the course of several months, during which time it considered numerous prospective names.  The list of names was narrowed down to a handful of "finalists," and eventually the name Aio was selected because it expresses the brand personality:  "simply, delightfully, more."  (Georgia Comp., ¶

3

15.)

The Aio name was cleared by AT&T's internal trademark counsel, based on a comprehensive trademark search report prepared by a well-known trademark searching company.  That search report did not contain any reference to aioTV.

Plaintiff AT&T IP, located in Atlanta, Georgia, is an affiliate that owns the Aio Wireless trademarks.  After selection of the Aio name, AT&T IP filed four intent-to-use trademark applications in the United States Patent and Trademark Office ("USPTO") to register Aio and Aio Wireless in various forms.  In accordance with USPTO procedure, each of the four Aio marks was published, and third parties were permitted time to oppose the applications if they believed that they would be damaged by registration of the Aio marks.  ***Neither aioTV nor anyone else opposed any of these four trademark applications.***  The USPTO has since issued notices of allowance and the marks are expected to register in due course.

### 2. Defendant aioTV

Defendant, based in Centennial, Colorado, is an aggregator and packager of publically available television programming that it sells primarily to content service providers, who in turn offer on-demand television streaming services under their own brand to their subscribers.  (Declaration of Darren W. Saunders

("Saunders Decl."), ¶ 3.)  Defendant refers to itself as a "white label video platform," which means that it provides its service to others who rebrand it with their own trademarks and service marks and do not use "aio" in a meaningful, public-facing way.

### B.    Pre-Filing Communications

Defendant sent Plaintiffs a cease and desist letter dated May 13, 2013. Notwithstanding that Defendant uses "aio" as an acronym for "all in one", and that a number of third parties use that acronym to describe products that are based on "all in one" features, Defendant claimed to own common law trademark rights to the term "aio" and further claimed that the use of "Aio Wireless" for wireless voice, text, and data services infringes its common law trademark.  (Saunders Decl., ¶ 2, Ex. A.)  In response, on May 21, 2013, counsel for Plaintiffs contacted Defendant's counsel by telephone to discuss the allegations in that letter. Defendant's counsel stated that his client recognized that, in view of AT&T's recent launch of its new Aio Wireless business, AT&T will not want to stop using the Aio name.  Plaintiffs' counsel confirmed this and inquired whether an alternative resolution was possible.  (Saunders Decl., ¶¶ 3, 4.)

Thereafter, on May 30, 2013, Defendant sent another cease and desist letter, the content and tone of which was stronger than the first letter.  In the second

letter, Defendant warned that "our client is prepared to take aggressive action in connection with AT&T's unauthorized use of the 'aio' mark," and demanded "AT&T's assurance that it will immediately cease and desist from using 'aio' or anything confusingly similar thereto as a trademark, service mark or trade name in connection with the sale and/or service of wireless devices." (Saunders Decl., ¶ 6, Ex. B.)

In response, on June 3, 2013, counsel for Plaintiffs again telephoned Defendant's counsel to discuss the matter. Plaintiffs' counsel reemphasized the importance of the Aio marks and confirmed that AT&T will not cease use of the Aio Wireless name and Aio service mark and trademark. (Saunders Decl., ¶ 7.) Defendant's counsel stated that it was not his client's first choice to use its funds to litigate. *Id.* Also, Defendant's counsel mentioned the generalities of what a potential business arrangement might include, but Plaintiffs' counsel made clear that it was not possible for any such business arrangement to be concluded in the short term. *Id.* At no time did Plaintiffs' counsel ever propose a business resolution or intimate that one was feasible. Moreover, Defendant never gave Plaintiffs a deadline, whether in correspondence or on the telephone, within which they were to comply with its demands to cease and desist use of the Aio marks.

Hence, Plaintiffs were confronted with a situation in which Defendant made

serious allegations and threatening demands regarding the Aio Wireless name and mark, but yet they were left with the distinct impression that Defendant had no intention of immediately bringing an action.  That impression was strengthened by the fact that Defendant was making public statements about the Aio Wireless launch, but those communications did not threaten or even mention litigation. On the contrary, Defendant invited people using Aio Wireless to make use of aioTV also.  *See* Twitter, May 30 and June 2 [www.twitter.com/AIOTV].  Accordingly, in view of the importance of the Aio Wireless name and the ongoing roll-out of the Aio Wireless service into new markets, and the business uncertainties created by Defendant's public conduct, Plaintiffs decided that they needed to file a declaratory judgment action in order to seek a declaration of non-infringement. (Saunders Decl., ¶ 8.)

### C.    The First-Filed Georgia Action

Plaintiffs filed the complaint in this Court on June 6, 2013 (Dkt. 1) (the "Georgia Complaint").  Plaintiffs seek a declaration that the marks 'Aio', 'Aio Wireless', 'aio' (Stylized), and 'aio wireless' (Stylized) do not infringe Defendant's claimed common law trademarks: 'aio', 'aioTV', 'aio pro', 'aio basic', 'aio cloud' and others."  (Georgia Comp., ¶ 1.)

The Georgia Action seeks a declaratory judgment of:  (1) no trademark infringement, (2) no false designation of origin, and (3) no unfair competition. (Georgia Comp., ¶¶ 35-37.)  The Georgia Action also seeks a declaration that:  (1) Defendant is not entitled to injunctive relief, (2) Defendant has suffered no actual damages or loss of goodwill, (3) Aio Wireless is entitled to use the trademarks at issue, and (4) Aio Wireless is entitled to its costs, expenses and attorneys' fees. (Georgia Comp., Prayer for Relief.)

Immediately after Plaintiffs filed the Georgia Complaint, their counsel attempted to contact counsel for Defendant as a courtesy to advise him of the filing (Saunders Decl., ¶ 10.)  As counsel was unavailable that day, Plaintiffs' counsel placed another call on the following morning, June 7, 2013, and informed Defendant's counsel of filing the declaratory judgment action in Georgia. (Saunders Decl., ¶ 11.)  Plaintiffs' counsel also informed Defendant's counsel that the filing of the action did not preclude a potential business solution, and that AT&T was willing to provide adequate time for the parties to explore such a resolution.  *Id.* To that end, Plaintiffs' counsel offered Defendant a waiver of service of process such that Defendant would have at least 60 days to respond to the Georgia Complaint, during which time the parties could explore settlement without the undue pressure of litigation.  (Saunders Decl., ¶ 12.)

Once Defendant filed the Colorado Action, Plaintiffs served the Georgia Complaint on Defendant. (Saunders Decl., ¶ 15.)  The return of service now has been filed.

### D.    The Second-Filed Colorado Action

On June 11, five days after the Georgia Action was filed, and after Plaintiffs' offer to extend the time for Defendant to answer the Georgia Complaint via the waiver of service under Rule 4(d), Fed. R. Civ. P., Defendant filed a complaint against Aio Wireless in the District of Colorado (the "Colorado Complaint"). (Saunders Decl. ¶ 14,Ex. D.)   In the Colorado Complaint, Defendant alleges that Aio Wireless is infringing Defendant's claimed common law trademark by using the business name and trademark 'Aio' and launching an aggressive advertising and marketing campaign that purportedly infringes and appropriates Defendant's 'aio' trademark." *Id.* The Colorado Complaint is based on the same facts and mirrors the causes of actions as those first brought in the Georgia Action.

Defendant served the Colorado Complaint on Aio Wireless on June 12, 2013.  (Saunders Decl., ¶ 16,.)  On June 17, 2013, Aio Wireless filed a Motion to Stay in the District of Colorado.  (Saunders Decl., ¶ 17.)

## III.   ARGUMENT

**A.      This Court Has the Power to Enjoin A Party from Prosecuting Duplicative Litigation**

Under the well-settled "first-filed" rule, this Court should enjoin Defendant from prosecuting a duplicative action in Colorado against Aio Wireless, and then should adjudicate the parties' respective claims.

"The court initially seized of a controversy should be the one to decide the case," absent only exceptional circumstances. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). Where a duplicative litigation is filed, the "normal chronology" is for the plaintiff in the first-filed suit to seek an injunction of the later-filed action in the first-filed court. *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991); *see also AFC Enters., Inc. v. GMS Haw. Corp.*, No. 1:03-cv-01893-RWS, slip op. at 6-7 (N.D. Ga. July 10, 2003) (Story, J.) (Saunders Decl., Ex. 18) (issuing an injunction against prosecution of a duplicative action in another district court in light of a "first-filed" declaratory judgment action). The normal prerequisites for injunctive relief need not be satisfied because the question of whether to enjoin duplicative litigation "has nothing to do with the merits" of the substantive litigation, but, instead, depends solely on whether "the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed

10

action." *N.W. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) (enjoining second-filed lawsuit in favor of first-filed declaratory judgment action); *see also AFC Enters.*, slip op. at 4 (the normal requirements for preliminary injunctive relief are "inapposite because the application of the rule does not delve into the merits of the case") (citation omitted).

Here the Court has the inherent authority to enforce the first-filed rule by enjoining Defendant from prosecuting duplicative litigation. Plaintiffs properly instituted this action before the Court, and no exceptional circumstances require deviation from the first-filed rule.  Further, the factors concerning judicial and litigant economy favor this Court to adjudicate the controversy.

## B.     No Basis Exists for Deviating from the First-Filed Rule

Courts, including those in the Eleventh Circuit, recognize and follow the first-filed rule whether or not the first-filed action is declaratory in nature.  *See Manuel v. Convergys Corporation*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Ottlite Technologies, Inc v. Verilux, Inc.*, 2010 U.S. Dist. LEXIS 2990 (M.D. Fla. 2010); *Genentech, Inc. v. Eli Lilly and Company*, 998 F.2d 931, 937 (Fed. Cir. 1993).  The party objecting to jurisdiction in the first-filed forum must prove "compelling circumstances" exist to warrant an exception to the first-filed rule. *See Merrill-Lynch*, 675 F.2d at 1174.

In determining whether compelling circumstances exist --  which in the present case  they do not -- courts may look to whether the first action was filed in apparent anticipation of the other pending proceeding.  *See Manuel*, 430 F.3d at 1135.  However, even if a court finds a declaratory judgment action anticipatory, such a finding "does not transmogrify into an obligatory rule mandating dismissal."  *Id*.  Instead, it is one equitable factor among many, and the matter remains at the sound discretion of the trial court.  *Id*. at 1137.

Since this Court was "initially seized" with the controversy regarding the parties' respective rights to use the term Aio, this Court should decide Plaintiffs' case. *See Merrill-Lynch*, 675 F.2d at 1174; *AFC Enters.*, Inc., at 6-7.  Plaintiffs filed the Georgia Complaint first on June 6, 2013, based on a justiciable controversy asserted by Defendant.  Defendant filed the Colorado Complaint second on June 11, 2013 (and only as a reaction to Plaintiffs' filing).  The Georgia Complaint requests a declaration of non-infringement of Aio Wireless' use of its Aio trade name and marks.  The Colorado Complaint likewise alleges that Aio Wireless has infringed Defendant's trademark rights based on Aio Wireless' use of its own marks.  Clearly, Defendant could assert these claims by counterclaim in this Court.  Based on these factual circumstances, the first-filed rule applies.

This case is remarkably similar to the factual background in *Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S.D. Fla. 1997), in which the court stayed the second-filed case in favor of a first-filed declaratory judgment action.  Anheuser-Busch initiated an action seeking a declaratory judgment of no trademark infringement relating to a slogan it was using in a national advertising campaign.   After receipt of a cease and desist letter from Supreme (demanding that Anheuser-Busch cease use of its slogan in 5 days) and following unsuccessful settlement discussions with Supreme International, Anheuser-Busch filed a declaratory judgment action in the Eastern District of Missouri.  *Id.* at 606.  Anheuser-Busch waited to file its action until the fifth day after receiving the cease and desist letter.  Five days later, Supreme followed with its own trademark infringement action in the Southern District of Florida.  *Id.* There, the second-filed court held that Supreme had failed to demonstrate "compelling circumstances" that would justify ignoring the first-filed rule. Specifically, it found Anheuser-Busch had *not* run to the courthouse, but – after receiving a series of mixed signals from Supreme, including expressing an interest in settling followed by threatening a lawsuit – had properly filed a declaratory judgment action:

> [Anheuser-Busch] had a lot at stake in the high-profile, high-dollar Bud Ice campaign.  It is logical that it would

> seek to resolve the situation as quickly as possible by seeking a declaration as to its trademark rights. There is no requirement that a business threatened with an infringement lawsuit sit back and wait to see if the other party is serious about suing. *See Genentech, Inc., v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (purpose of declaratory judgment is "to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist").

*Anheuser-Busch*, 972 F. Supp. at 607.

Likewise, Plaintiffs' have a lot at stake in launching AioWireless and it is logical that Plaintiffs would seek to resolve the present situation quickly as well. Defendant sent two letters strenuously objecting to Aio Wireless' use of the Aio marks.  And Aio Wireless twice responded that due to the importance of the Aio marks, and in view of launch of the Aio Wireless service and the future roll-out to additional markets, it was not going to stop using the Aio Wireless name and marks.  Defendant's counsel told Plaintiffs' counsel that it preferred not to litigate , and in fact its public communications urged the public's use of aioTV with AioWireless. In sum, Plaintiffs needed to obtain resolution of the controversy, and thus properly commenced this action.  Therefore, if there were no compelling circumstances in *Anheuser-Busch*, there are certainly no compelling circumstances here to justify an exception to the well-established first-filed rule.

14

**C.** **The Balance of Conveniences Favors this District over the District of Colorado**

To the extent this Court believes it necessary to examine judicial and litigant economy in determining whether to enjoin the second-filed Colorado action, these factors favor this District over the District of Colorado. *See Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) (citation omitted). Analysis of the foregoing considerations require review of "the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). *See New England Mach., Inc. v. Conagra Pet. Prods. Co.*, 827 F. Supp. 732, 734-35 (M.D. Fla. 1993). The burden of persuading a court to transfer a case to a more convenient forum is heavy, especially where the plaintiff brings its suit in its home district, as Plaintiffs have done here. *See Elec. Transaction Network*, 734 F. Supp. at 501 (N.D. Ga. 1989).

The convenience of parties and witnesses and the interest of justice overwhelmingly favor the Northern District of Georgia for this action. Foremost, Plaintiff Aio Wireless is headquartered in Alpharetta, Georgia and nearly all of its leadership team operates from that location. (Declaration of Nataraj Rao ("Rao Decl."), ¶ 3, 4.) Plaintiff AT&T IP also is located in Atlanta, Georgia.

The primary issue in this action is whether Aio Wireless' use of the Aio marks is likely to cause confusion among an appreciable number of the relevant

consumers.  In making this determination, the Court considers a number of factors, including:  (1) strength of the plaintiff's mark; (2) similarity between the plaintiff's mark and the allegedly infringing mark; (3) similarity between the products and services offered by the plaintiff and defendant; (4) similarity of the sales methods; (5) similarity of advertising methods; (6) defendant's intent, e.g., does the defendant hope to gain competitive advantage by associating his product with the plaintiff's established mark; and (7) actual confusion.  *See Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1182 (11th Cir. 1985).

Here, the vast majority of evidence related to the foregoing factors, and in particular the selection, adoption, use, and promotion of the Aio and Aio Wireless marks, and the sales of goods and services under those marks, is located in the State of Georgia.  (Rao Decl., at ¶¶ 5, 6.)  Indeed, almost every relevant witness resides and most of the pertinent company documents are maintained in this district.  Thus, the location of evidence and witnesses favors the Northern District of Georgia over the District of Colorado.

With respect to the interests of justice, courts in the Eleventh Circuit uphold the first-filed plaintiffs' choice of forum unless exceptional circumstances dictate otherwise.  *See, e.g., Elec. Transaction Network v. Katz*, 734 F. Supp. 492, 501 (N.D. Ga. 1989) ("courts in this district have consistently refused to override a

plaintiff's choice of forum, especially where, as here, the plaintiff has brought suit in its home district").  No such exceptional circumstances exist.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion be granted and that the Court enjoin Defendant from prosecuting the second-filed Colorado Action.

Respectfully submitted,

Dated:  June 19, 2013                s/William H. Brewster

William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:        bbrewster@kiltown.com

Of Counsel:      Darren W. Saunders, Esq. (Pro Hac Vice to
                 be filed)
                 Linda A. Goldstein, Esq. (Pro Hac Vice to
                 be filed)
                 Manatt, Phelps & Phillips LLP
                 7 Times Square
                 New York, New York 10036
                 Telephone:  (212) 790-4500
                 Facsimile:  (212) 790-4545
                 Email:       dsaunders@manatt.com
                 Email:       lgoldstein@manatt.com

                 Chad S. Hummel, Esq. (Pro Hac Vice to be
                 filed)
                 Manatt, Phelps & Phillips LLP
                 11355 W. Olympic Blvd.
                 Los Angeles, California 90064
                 Telephone:  (310) 312-4000
                 Facsimile:  (310) 312-4224
                 Email:       chummel@manatt.com

                 ***Attorneys for Plaintiffs***
                 **AT&T INTELLECTUAL PROPERTY
                 II, L.P. and AIO WIRELESS LLC**

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing was typed in Times New Roman 14 point font with a top margin of 1.5 inches in accordance with Rule 5.1 of the Local Rules of this Court.

<u>s/William H. Brewster</u>

William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:        bbrewster@kiltown.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 19, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record, and that I caused service of the foregoing document upon Defendant aioTV, Inc. by dispatching the same to a commercial process server for personal service upon aioTV, Inc.'s registered agent, to occur on June 20, 2013 at the following address:

> United States Corporation Agents, Inc.
> 2 North Cascade
> Suite 1100
> Colorado Springs, Colorado 80903

> <u>s/William H. Brewster</u>
> William H. Brewster
> Georgia Bar No. 080422
> Kilpatrick Townsend & Stockton
> 1100 Peachtree Street, Ste. 2800
> Atlanta, Georgia  30309
> Telephone:  (404) 815-6500
> Facsimile:  (404) 815-6555
> Email:        bbrewster@kiltown.com

201699948.1