# EXHIBIT E

Copies served By Courtroom Deputy VIA FAX
ORIGINAL

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

JUL 1 0 2003

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

AFC ENTERPRISES, INC.;
SEATTLE COFFEE COMPANY;
and SEATTLE'S BEST COFFEE
LLC,

    Plaintiffs,

v.

GMS HAWAII CORPORATION,

    Defendant.

: : : : : : : : : : : : : :

CIVIL ACTION NO.
1:03-CV-1893-RWS

## ORDER

Plaintiffs filed this action seeking declaratory relief and damages stemming from a dispute with Defendant whether an anticipated transaction between Plaintiffs and Starbucks Corporation ("Starbucks") will breach Plaintiffs' franchise agreements with Defendants. Now before the Court for consideration is Plaintiffs' Motion for Immediate Hearing [2-1] and for Temporary Restraining Order [2-2]. After conducting a hearing and

AO 72A
(Rev 8/82)

considering the parties' arguments and briefs, the Court enters the following Order.

Plaintiffs are scheduled to close a $72 million transaction with Starbucks on July 14, 2003. Defendant, who is a franchisee operating several Seattle's Best Coffee retail units, alleges that the Starbucks transaction will breach Defendant's franchise agreements with Plaintiffs. Plaintiffs filed the instant action on July 7, 2003, seeking a declaratory judgment that the transaction will not violate the franchise agreements and damages in the event Defendant breached the forum selection clause of the franchise agreement by filing a suit in a different forum. Later that same day, Defendant filed an action in the District of Hawaii against Plaintiffs and Starbucks, alleging that the Starbucks transaction will breach the franchise agreements. <u>GMS Hawaii Corp. v. Seattle's Best Coffee, LLC</u>, No. CV-03-353-HG (D. Haw. filed July 7, 2003). Plaintiffs have moved for a temporary restraining order enjoining Defendant from initiating (and now, prosecuting) the Hawaii litigation.[1] Plaintiffs primarily emphasize the language of the franchise agreements, which provide:

---

[1] Because Defendant was notified of the Motion and was represented before the Court, the Court treats Plaintiffs' Motion for Temporary Restraining Order as a motion for preliminary injunctive relief. <u>See</u> Fed. R. Civ. P. 65.

2

> 16.02. Applicable Law: This Agreement . . .
> shall be interpreted and construed under the laws of
> the State of Georgia . . . .
>
> 16.03. The parties agree that any action
> brought by [GMS] against [SBC] in any court,
> whether federal or state, shall be brought within a
> court of competent jurisdiction in Atlanta, Georgia. . .
> . [GMS] hereby waives all questions of personal
> jurisdiction or venue for the purpose of carrying out
> this provision.

(Morse Decl. Ex. A at 18-19 (Franchise Agreement).) Plaintiffs argue that the forum selection clause, in conjunction with the "first-filed rule," operates to justify preliminary injunctive relief.

The first-filed rule provides that where parties have instituted competing litigation in separate courts, the first court to have jurisdiction should hear the case. Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997). Particularly, "a court with subject matter and in personam jurisdiction may enjoin a defendant from prosecuting a compulsory counterclaim as a separate action." Blessing v. Norman, 646 F. Supp. 82, 84 (N.D. Ga. 1986); see N.W. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (purposes of rule are to "conserve judicial resources and avoid conflicting

3

Case 1:13-cv-01901-RWS Document 57 Filed 06/19/13 Page 5 of 8

rulings"). Moreover, the cases need not involve complete identity of the parties or issues; there need only be substantial overlap. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); see Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403. 408 (5th Cir. 1971) (noting substantial overlap needed for consolidation of cases in first-filed context).[2] "In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982). "Compelling circumstances" may include bad faith or evidence of a race to the courthouse. N.W. Airlines, 989 F.2d at 1007. Although this rule presents itself here in the context of a motion for preliminary injunctive relief, the familiar test examining likelihood of success, balancing of interests, irreparable harm, and public interest is inapposite because the application of the rule does not delve into the merits of the case. Id. at 1005.

The Court finds no compelling reason to depart from the first-filed rule. The circumstances admittedly indicate a race to the courthouse: Plaintiffs filed

---

[2]The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

this action days after receiving a Notice of Contractual Rights and attached draft complaint from Defendant. However, the contractual language and judicial economy considerations counterbalance the other circumstances. First, the Court finds no reason why Georgia law would not give effect to the choice of law provision or forum selection clause. See, e.g., C.A. Marine Supply Co. v. Brunswick Corp., 557 F.2d 1163 (5th Cir. 1977) (applying Wisconsin law in accordance with contract); cf. Keener v. Convergys Corp., 205 F. Supp. 2d 1374, 1378 (S.D. Ga. 2002) (the law of the jurisdiction chosen by parties to a contract will not be applied by Georgia courts if it contravenes the policy of the state). Second, the Court finds no reason why the District Court for Hawaii would fail to enforce these contractual provisions. See UARCO Inc. v. Lann, 18 F. Supp. 2d 1116, 1123 (D. Haw. 1998) (noting Hawaii follows Restatement's contract choice of law standard that local law of state with greatest relationship to transaction governs, *"absent an effective choice of law by the parties"* (emphasis added)); Hamakua Sugar Co. v. Fiji Sugar Corp., 778 F. Supp. 503, 504 (D. Haw. 1991) (noting general rule giving forum selection clauses full force and effect); cf. Haw. Rev. Stat. § 482E-5 (subjecting franchisors to jurisdiction of Hawaii courts); id. § 482E-6 (prohibiting waiver

5

that would relieve person of liability under Hawaii's statutory provisions governing franchises); <u>Valrose Maui, Inc. v. Maclyn Morris, Inc.</u>, 105 F. Supp. 2d 1118, 1122 (D. Haw. 2000) (noting that jurisdictional provision in arbitration statute cannot be read to vest exclusive jurisdiction in state courts; to hold otherwise would nullify district court's diversity jurisdiction as well as forum selection clauses). Thus, even if the lawsuit were to proceed in Hawaii, it is highly likely that Georgia law would apply; the forum selection clause may also be a factor in considering whether to change venue from Hawaii to Georgia.

Third, based on the provisions in the franchise agreements, it is apparent that Defendant's choice to file a lawsuit in Hawaii may constitute a breach of contract, upsetting Plaintiff's contractual expectations. Finally, if this Court failed to grant an injunction, the parties would be faced with two lawsuits at opposite ends of the country involving the same issues. All of these factors balance in favor of applying the first-filed rule. Accordingly, Plaintiffs' Motion for Immediate Hearing [2-1] is hereby **GRANTED nunc pro tunc**; Plaintiffs' Motion for Temporary Restraining Order [2-2] is hereby **GRANTED**. Defendant is hereby **ENJOINED** from further prosecuting the

6

action filed in the District of Hawaii.

**SO ORDERED** this 10TH day of July, 2003.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7