UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:13-cv-1901-JOF |
| v. | ) ) ) | |
| AIOTV INC. | ) ) | |
| Defendant. | ) ) | |

---

DEFENDANT AIOTV INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO ENJOIN

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... ii

I.     INTRODUCTION ................................................................................ 1

II.    STATEMENT OF RELEVANT FACTS ............................................. 3

       A.     Pre-litigation events ................................................................ 3

       B.     Mootness of the instant Motion ............................................. 6

III.   ARGUMENT ....................................................................................... 7

       A.     The Motion should be denied as moot ................................... 7

       B.     This Court cannot grant the relief sought by the Motion as it
              does not have personal jurisdiction over AIO ....................... 8

       C.     The authorities in Plaintiffs' Motion do not support grant of
              the Motion ............................................................................... 9

       D.     Though the court should not have to reach the issue, venue in
              the Northern District of Georgia is improper ...................... 14

IV.    CONCLUSION ................................................................................. 15

CERTIFICATE OF COMPLIANCE ......................................................... 17

CERTIFICATE OF SERVICE ................................................................... 18

EXHIBIT 1 – Declaration of Michael Earle
EXHIBIT 2 – Declaration of Brad H. Hamilton
EXHIBIT 3 – Email From AIO's Counsel to Plaintiffs' Counsel
EXHIBIT 4 – July 8, 2013 Letter From AIO's Counsel to Plaintiffs'
                 Counsel
EXHIBIT 5 - Order Entered May 8, 1998

# TABLE OF AUTHORITIES

## **Cases**

*Adam v. Jacobs,*
    950 F.2d 89 (2nd Cir. 1991) .................................................. 10, 11

*AFC Enters., Inc. v. GMS Haw. Corp.,*
    1:03-cv-01893-RWS (N.D. Ga. July 10, 2003) .......................... 11

*Anheuser-Busch, Inc. v. Supreme Int'l Corp.,*
    167 F.3d 417 (8th Cir. 1999) .................................................. 9, 10

*Blessing v. Norman,*
    646 F.Supp. 82 (N.D. Ga. 1986) ............................................ passim

*Genentech, Inc. v. Eli Lilly and Co.,*
    998 F.2d 931 (Fed. Cir. 1993) ............................................... 12, 13

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694 (1982) ............................................................. 8

*JVC Am., Inc. v. Guardsmark, L.L.C.,*
    2006 WL 2443735 (N.D. Ga. 2006) ...................................... 7, 8

*Manuel v. Convergys Corp.,*
    430 F.3d 1132 (11th Cir. 2005) ............................................. 11, 12

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,*
    675 F.2d 1169 (11th Cir. 1982) ............................................. 11

*N.W. Airlines, Inc. v. Am. Airlines, Inc.,*
    989 F.2d 1002 (8th Cir. 1993) ............................................... 11

*Ottlite Technologies, Inc. v. Verilux, Inc.,*
    2010 U.S. Dist. LEXIS 2990; 2010 WL 148802 (M.D.Fla. 2010) ........ 11, 12

11078873v1  07777-1224

*Reich v. Occupational Safety & Health Review Comm'n,*
    102 F.3d 1200 (11th Cir. 1997) .................................................................7

*Supreme Int'l Corp. v. Anheuser-Busch, Inc.,*
    972 F.Supp. 604 (S.D. Fla. 1997) ....................................9, 10, 12, 13

*United States v. Cecil,*
    836 F.2d 1431 (4th Cir. 1988) ....................................................14

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ..............................................................12


**<u>Statutes</u>**

28 U.S.C. § 1927 ..................................................................1, 3, 6, 15

Defendant aioTV Inc. ("AIO'), through its attorneys, hereby responds to Plaintiffs' Motion to Enjoin (the "Motion") (Doc. 6), and states the following in opposition thereto:

## I.    INTRODUCTION

Plaintiffs' Motion is based on a now completely outdated state of affairs, and is moot. AIO has already agreed to stay its prosecution of the Colorado action and on July 3, 2013, the parties in the Colorado case filed a Joint Motion and Stipulation in the District of Colorado providing for a temporary stay of that case pending this Court's determination of AIO's pending Motion to Dismiss the present case for lack of jurisdiction over AIO and improper venue or, alternatively, transfer this case to the District of Colorado. See Notice of Joint Motion and Stipulation for Entry of Order Temporarily Staying Case. (Doc. 17).

In the meantime, as this Court's decision in *Blessing v. Norman*, 646 F.Supp. 82 (N.D. Ga. 1986) makes clear, the pendency of AIO's Motion to Dismiss on jurisdictional grounds precludes this Court from enjoining AIO's prosecution of its claims in District of Colorado. Plaintiffs obdurate refusal to withdraw the Motion, and their continued litigation of the matter at this time, therefore "unreasonably and vexatiously" multiplies this proceeding in violation of 28 U.S.C. § 1927.

1

Much of Plaintiffs' Motion likewise unnecessarily occupies itself with other matters—such as the possible applicability of the first-filed rule and where the balance of convenience may tilt for purposes of choosing venue—that cannot be decided until the looming jurisdictional issue is determined.  As such, the Motion further unreasonably and vexatiously multiples this proceeding by requiring AIO to address these peripheral matters in responding to a motion for injunctive relief that is both moot and jurisdictionally foreclosed on its face.

As AIO demonstrated in its Memorandum of Law in Support of its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and (b)(3) or, Alternatively, Motion to Transfer Venue ("Motion to Dismiss") (Doc. 8-1), not only does this Court lack personal jurisdiction over AIO and venue is improper, but even if jurisdiction and venue were not a problem, because of the deception Plaintiffs used to get to the courthouse first, the first-filed rule does not apply and the case should be transferred to the District of Colorado.

Plaintiffs' approach is transparent: as part of the AT&T, Inc. corporate conglomerate—the 17th largest corporation in the world—Plaintiffs believe they can wear much-smaller AIO down through costly and time-consuming litigation. Plaintiffs won a race to the courthouse through deception and have succeeded, momentarily, in derailing this controversy from its rightful path.  The Court should

2

not condone Plaintiffs' tactics, and instead summarily deny the present Motion and impose sanctions pursuant to 28 U.S.C. § 1927.

## II.    STATEMENT OF RELEVANT FACTS

In light of Plaintiffs' significant omissions and mischaracterizations of the relevant facts in this case, AIO must set forth its own statement of same below.[1] Moreover, AIO must update the record concerning the relevant procedural posture in light of events which have transpired since Plaintiffs filed their Motion. These subsequent events demonstrate the Motion is moot as well as fatally flawed on the merits.

### A.    Pre-litigation events.

AIO has been using the "aio" trademark, both alone and along with multiple suggestive and descriptive terms, to identify and market its services since at least January 2010. Exhibit 1 (Declaration of Michael Earle ("Earle Dec.")), ¶ 6.

On May 9, 2013, Plaintiffs published a news release launching their new "aio" wireless service in Texas and Florida with an announced plan to extend the service nationwide over the next year, and went live with a new Internet website

---

[1] The declarations of Michael Earle and Brad Hamilton were originally submitted in support of AIO's Motion to Dismiss and, for convenience of reference, are resubmitted as attachments to this response.

(www.aiowireless.com) trumpeting the "aio" brand as their own. Exhibit 2 (Declaration of Brad Hamilton ("Hamilton Dec.")), ¶ 5.

On May 13, 2013—acting through its attorney in Denver, Colorado—AIO sent a letter to Plaintiffs' attorney in Texas, notifying them that they were infringing AIO's trademarks and demanding they cease and desist from the same. Hamilton Dec. ¶ 6. By May 15, 2013, AIO's attorneys had already begun the process of preparing a verified complaint to be filed in Colorado. *Id.* ¶¶ 8-9.

On May 21, 2013, AIO's counsel received a call from Plaintiffs' counsel in New York City concerning the May 13 letter, the nature of the dispute, and possibilities of settlement to avoid litigation. Hamilton Dec. ¶¶ 10-13.

By May 24, 2013, AIO's counsel had prepared a draft verified complaint against Aio Wireless. Hamilton Dec. ¶¶ 14-15. On May 30, 2013, AIO, through counsel in Colorado, sent a second "cease and desist" letter to Plaintiffs' counsel as a result of Plaintiffs' continued, and even more aggressive, branding and advertising activity involving the "aio" trademark *Id.* ¶ 16.

On June 3, 2013, AIO's counsel received a second call from Plaintiffs' New York counsel concerning what had occasioned the more strongly worded May 30th letter, and whether AIO had something in mind that might serve as a basis for settlement. Hamilton Dec. ¶¶ 17, 19. In response, AIO's counsel described, in

general terms, an arrangement that might serve as a basis for settlement. *Id.* ¶ 20. Counsel for Plaintiffs said they were very interested in considering this settlement proposal, but cautioned that the AT&T, Inc. conglomerate of which Plaintiffs are a part was a big organization and it would take time to run the proposal through the chain of command before they could respond. *Id.* ¶ 23. In the meantime, Plaintiffs' counsel asked for assurance that if AIO was not willing to wait and intended to file a lawsuit, counsel for AIO would notify them first. AIO's counsel agreed he would do so. *Id.* ¶ 24.

Based on that telephone call, counsel for AIO understood that the parties had agreed to an informal standstill arrangement whereby AIO would delay filing suit in order to give Plaintiffs time to consider the settlement proposal that had been discussed. Hamilton Dec. ¶ 25. With this understanding, AIO delayed filing suit despite being ready to do so. *Id.* ¶ 26; Earle Dec. ¶ 22.

Only three days later, on June 6, 2013, Plaintiffs filed the instant declaratory judgment action. This timing strongly suggests Plaintiffs' attorneys were preparing Plaintiffs' Complaint while they simultaneously induced AIO to delay filing suit. On June 11, 2013, AIO filed the verified complaint that it had ready to go for some time in the United States District Court for the District of Colorado alleging claims under Section 43(a) of the Lanham Act, and for unfair competition,

5

trademark disparagement, deceptive trade practices, and unjust enrichment under Colorado Law.

### B.    Mootness of the instant Motion.

On June 19, 2013, Plaintiffs filed the instant Motion. (Doc. 6)  AIO was served the following day. (Doc. 6-1 at 20)  On June 24, 2013, AIO's counsel sent Plaintiffs' counsel an email indicating AIO's willingness to stipulate to a stay of the Colorado action pending this Court's resolution of the jurisdictional and other issues AIO anticipated raising in its planned motion to dismiss.  See Exhibit 3. AIO's counsel noted how this Motion was "needlessly multiplying" this case and that withdrawal of this Motion in conjunction with a stipulated stay would "avoid a lot of unnecessary expense". *Id.*  On July 3, 2013, the parties filed a Joint Motion and Stipulation to Stay the Colorado action pending this Court's determination of its jurisdiction and whether this case should be transferred to Colorado.  (Doc. 17).

Plaintiffs still refused to withdraw the present Motion for injunctive relief. On July 8, 2013, by a letter from AIO's attorney to Plaintiffs' counsel, AIO reiterated its demand that Plaintiffs withdraw this Motion in light of its mootness due to the Joint Motion and Stipulation to stay the Colorado case.  See Exhibit 4. Although that demand brought both this Court's decision in *Blessing v. Norman* and 28 U.S.C. § 1927 to Plaintiffs' attention, they have not withdrawn the Motion.

6

## III.   ARGUMENT

**A.     The Motion should be denied as moot.**

"A claim for injunctive relief may become moot if: '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'"   *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997) (*quoting County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotations and citations omitted in original).   Here, Plaintiffs' complained-of "violation" is AIO's prosecution of the Colorado action while this action remains pending.   However, as demonstrated in the Joint Motion, AIO has agreed to stay its prosecution of the Colorado action pending this Court's determination of AIO's Motion to Dismiss or Transfer.   (Doc. 17).   Due to the occurrence of that interim event since Plaintiffs filed their Motion, Plaintiffs can have no reasonable expectation that AIO could now somehow renege on that promise or that the Colorado court would permit it to do so.   Indeed, AIO and its counsel will keep their promise and are judicially estopped from breaking it.   Therefore, the Motion should be denied as moot. *Reich*, 102 F.3d at 1201; *see also JVC Am., Inc. v. Guardsmark, L.L.C.*, 2006 WL

7

2443735, *7 (N.D. Ga. 2006) (where parties have reached an agreement concerning relief sought by motion, motion should be denied as moot).

This conclusion is unsurprising, as Plaintiffs have already obtained the relief sought by the Motion.  In light of the present state of affairs, Plaintiffs' refusal to withdraw the Motion can only be explained by their desire to leverage their size and wage a war of attrition against a much smaller opponent.  The Court should not entertain Plaintiffs' tactics.

### B.    This Court cannot grant the relief sought by the Motion as it does not have personal jurisdiction over AIO.

"A district court must have personal jurisdiction over a party before it can enjoin its actions." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 716 n. 1 (1982) (J. Powell, concurring, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 111–112 (1969)).  Indeed, this is precisely the conclusion that this Court reached in *Blessing v. Norman*:

> This court cannot act to restrain defendant Norman personally if it is without personal jurisdiction over defendant Norman.  The existence of personal jurisdiction as a prerequisite to the granting of the injunctive relief sought by plaintiffs in this action is made clear in those cases cited to the court by plaintiffs.... Because the present action presents a serious question as to this court's *in personam* jurisdiction over defendant Norman, plaintiffs' motion for stay or injunction is DENIED.

646 F. Supp. 82, 85 (N.D. Ga. 1986) (citation omitted).

As AIO's Motion to Dismiss demonstrates, the Court has no personal jurisdiction over AIO.  At the very least, AIO's Motion to Dismiss raises "a serious question" concerning the Court's personal jurisdiction over AIO, and the "spectre of a lack of *in personam* jurisdiction over [AIO] hang[s] over this case." *Blessing*, 646 F. Supp. at 85.  Therefore, like the injunctive relief sought in *Blessing*, the Motion should be denied.

### C.     The authorities in Plaintiffs' Motion do not support grant of the Motion.

Plaintiffs mislead the Court when they repeatedly assert that *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S.D. Fla. 1997), supports their position.  Motion at 13-14.  To the contrary, by pushing so hard on that case, Plaintiffs, like Hamlet's unfortunate engineer, only end up being "hoist on [their] own petard."[2] *Anheuser-Busch* considered a motion to stay in a **second**-filed Florida case and only stayed that case pending "a decision from the Eastern District of Missouri whether to hear the [first-filed] declaratory judgment action." 972 F.Supp. at 606-08.  Importantly, the Missouri court hearing the first-filed declaratory judgment action **refused to apply the first-filed rule and granted the declaratory judgment defendant's motion to dismiss**, a holding that was **affirmed** on appeal before the Eighth Circuit.  *Anheuser-Busch, Inc. v. Supreme*

---

[2] William Shakespeare, *Hamlet,* act III, scene 4.

*Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999). The Eighth Circuit indeed found that the "short period of time [between the declaratory judgment plaintiff's receipt of a cease and desist letter and its filing of the declaratory judgment action] suggests that Anheuser **raced to the courthouse to usurp Supreme's forum choice**." *Id.* at 419 (emphasis added). Moreover, the Eighth Circuit determined that "the interests of justice are best served by allowing the case to proceed in Florida." *Id.* Following the Missouri court's grant of the motion to dismiss the first-filed action, the Florida court re-commenced its proceedings. See May 8, 1998, Order at Exhibit 5.

In sum, Plaintiffs are correct when they state that this case "is remarkably similar to the factual background in [*Anheuser-Busch*]." Motion at 13. However, the Court should draw precisely the opposite conclusion that Plaintiffs urge. The Florida court's preliminary ruling in *Anheuser-Busch* does absolutely nothing to help Plaintiffs' Motion; the case's factual similarity to this dispute and the ultimate resolution in *Anheuser-Busch* highlights precisely why the Court should grant AIO's Motion to Dismiss.

Plaintiffs' remaining authorities are similarly of no help to Plaintiffs. Plaintiffs cite *Adam v. Jacobs*, 950 F.2d 89, 93 (2nd Cir. 1991), for the proposition that their Motion follows "normal chronology" by seeking an injunction of the

prosecution of the Colorado action. Motion at 10. However, "this procedure is not mandatory[,]" and can give way to "'balance of convenience…or…special circumstances giving priority to the second [case].'" *Adam*, 950 F.2d at 92-93 (ellipses in original citation omitted). Immediately following their citation of *Adam*, Plaintiffs cite *AFC Enters., Inc. v. GMS Haw. Corp.*, 1:03-cv-01893-RWS (N.D. Ga. July 10, 2003), for additional support that their Motion is appropriate. Motion at 10. However, *AFC Enters., Inc.* recognizes precisely the exceptions to the "first-filed" rule that are applicable here: "bad faith or evidence of a race to the courthouse." See *AFC Enters., Inc.*, included in the Saunders Decl., Ex. 18 at 4;[3] *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (cited by the Motion at 10, recognizing that "compelling circumstances" warrant exception to the "first-filed" rule); *N.W. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) (cited by the Motion at 11, describing the district court's analysis of whether party acted in "bad faith" or "raced to the courthouse") (internal quotation marks omitted); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (cited by the Motion at 11, describing the "compelling circumstances" exception); *Ottlite  Technologies, Inc.*

---

[3] *AFC Enters.* itself cites to *Blessing*, noting specifically that a court must have personal jurisdiction over a party to enjoin that party from pursuing a separate action. See Saunders Decl., Ex. 18 at 3. No such personal jurisdiction exists here.

*v. Verilux, Inc.*, 2010 U.S. Dist. LEXIS 2990; 2010 WL 148802, *2 (M.D. Fla. 2010) (cited by the Motion at 11, describing the "'special circumstances'" exception to first-filed rule); *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (cited by the Motion at 11, recognizing "forum shopping" exception to first-filed rule).

None of the foregoing cases involves a motion to enjoin that had become moot. Nor do any of the foregoing cases contemplate a party sought to be enjoined over whom a court had not already established personal jurisdiction. These authorities simply do not cure the Motion's essential deficiencies.

In any event, *Genentech* may no longer support Plaintiffs' ultimate point, as it has been abrogated as applying too-strict a standard of review of a district court's decisions concerning whether to entertain declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). To the extent *Genentech* reversed the district court's decision to decline to hear a first-filed declaratory judgment action, the *Genentech* court may have ultimately reached a different conclusion with the benefit of the Supreme Court's subsequent statement concerning the proper standard of review.

Additionally, as Plaintiffs should well know from their citation of *Anheuser-Busch* (however misguided that citation may be), Plaintiffs' citation of *Manuel,*

12

*Ottlite*, and *Genentech* for the proposition that the 11th Circuit "recognize[s] and follow[s] the first-filed rule whether or not the first-filed action is declaratory in nature[,]" (Motion at 11) is a conclusion that is vulnerable to particular attack in light of this case's posture:

> Among the compelling circumstances that may justify departing from the [first-filed] rule are instances where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum.

*Anheuser-Busch*, 972 F. Supp. at 606 (*citing Serco Serv. Co. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir.1987); *Northwest Airlines*, *supra*, 989 F.2d at 1007)).   That is precisely what has happened here.

Moreover, the background facts show that this action was filed before the Colorado action only because Plaintiffs' deceptive tactics forestalled AIO's filing with the false hopes of good faith pre-litigation settlement negotiations bearing fruit.   AIO's Motion to Dismiss, Doc. 8-1 at 6-8 and 21-25.   Plaintiffs boldly accuse AIO of "forum-shopping" (Motion at 1), but that is precisely the sin of which Plaintiffs are guilty.   Plaintiffs forthrightly admit that on June 3, 2013, their counsel stated that they would explore pre-litigation settlement possibilities, but that Plaintiffs "would need time to consider the matter and therefore it was not possible to conclude a business arrangement quickly."   Saunders Decl. at ¶7; *see*

13

*also* Motion at 6 ("Plaintiffs' counsel made clear that it was not possible for any such business arrangement to be concluded in the short term.").[4]  Only three days later, on June 6, 2013—having forestalled AIO's filing with the false pretense of pre-litigation settlement negotiation—Plaintiffs filed suit.  This is precisely the "bad faith or evidence of a race to the courthouse" that the above-described authorities carve out as an exception to the "first-filed" rule.

**D.    Though the Court should not have to reach the issue, venue in the Northern District of Georgia is improper.**

Plaintiffs' Motion asserts that the convenience of parties and witnesses, as well as the location of evidence, favor the Northern District of Georgia as venue for this action.   Motion at 15-17.   Like Narcissus, who could only focus on himself,[5] Plaintiffs fail to consider any of the party representatives or evidence located in Colorado in their convenience analysis.   Indeed, AIO's representatives,

---

[4] The assertion at page 6 of the Motion that Plaintiffs' counsel did not "intimate that [a business resolution] was feasible" is not supported by, and is in fact contrary to, the Saunders declaration. Mr. Saunders acknowledges that, "in response to our inquiry, Mr. Hamilton provided some general terms, and we told Mr. Hamilton that we would take the concept back to Aio Wireless for its consideration, but that our client would need time to consider the matter and therefore it was not possible to conclude a business arrangement quickly. Mr. Hamilton stated that he understood." (Doc. 6-2 at ¶ 7)  This corroborates the declarations of Brad Hamilton and Michael Earle that AIO understood that the parties would explore a settlement before resorting to litigation.  Hamilton Dec. ¶¶ 19-26; Earle Dec. ¶22. It was this understanding that deceived AIO and caused Plaintiffs to win the race to the courthouse for now.

[5] See *United States v. Cecil*, 836 F.2d 1431, 1439 (4th Cir. 1988).

witnesses, and evidence are located in Colorado, such that litigation of this dispute in Georgia will present significant inconvenience for AIO's business operations. Earle Decl. ¶ 18. Moreover, it appears that Plaintiffs utilized a Colorado-based branding company for the selection of the "aio" mark. (Doc. 8-2 ¶ 19).

However, the Court should not have to even consider the convenience analysis. The Motion is moot. More importantly, the Court does not have personal jurisdiction over AIO and therefore cannot enjoin AIO. Due to this lack of jurisdiction over AIO, this case should either be dismissed or transferred to the District of Colorado. *Blessing*, 646 F.Supp. at 85 (transferring first-filed action to forum where there was "[n]o question of personal jurisdiction"). Doing so will allow this dispute to expeditiously proceed in Colorado and "serve best the interests of justice." *Id.* (*citing* 28 U.S.C. § 1404(a)). The Motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, and those set forth in AIO's Motion to Dismiss, the Motion should be denied and the Court should grant AIO such additional relief as is just and proper, including the award pursuant to 28 U.S.C. § 1927 of AIO's costs and attorney fees incurred in responding to this Motion.

DATED: July 12, 2013

Respectfully submitted,

/s/ Kelly L. Whitehart
Kelly L. Whitehart
GA Bar No. 755447
MILLER & MARTIN, PLLC
1170 Peachtree Street, N.E. #800
Atlanta, GA 30309-7706
Telephone: (404) 962-6100
Fax: (404) 962-6300
Email: kwhitehart@millermartin.com

Of Counsel (*pro hac vice pending*)
Edward T. Lyons, Jr.
elyons@joneskeller.com
Daniel A. Wartell
dwartell@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Fax: (303) 573-8133

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Kelly L. Whitehart
Kelly L. Whitehart (Georgia Bar #755447)

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of July, 2013, I electronically filed the foregoing DEFENDANT AIOTV INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

/s/ Kelly L. Whitehart
Kelly L. Whitehart
(Georgia Bar #755447)
*kwhitehart@millermartin.com*

11078873v1 07777-1224