# ATTACHMENT 1

## Declaration of Michael Earle

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., And AIO WIRELESS LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-cv-1901 |
| v. | ) ) ) | |
| AIOTV INC. | ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF MICHAEL EARLE

Michael Earle submits this declaration in support of Defendant aioTV Inc.'s Motion to Dismiss or, in the alternative, Transfer the Case to the District of Colorado, and declares as follows:

1.      I am the Chief Executive Officer and founder of aioTV Inc. ("AIO"), and have personal knowledge of the matters set forth in this declaration.

2.      I am submitting this declaration for the purpose of refuting the allegations contained in paragraphs 10 and 11 of plaintiffs' complaint in this case, concerning personal jurisdiction over AIO and proper venue of this case.

3.      Contrary to those allegations, AIO has not had substantial, continuous, and systematic contacts with the State of Georgia, and has not purposely availed itself of the privilege of conducting business in Georgia; nor did a substantial part of the events giving rise to plaintiffs' claims occur in Georgia.

{JK00490707.1 }

4.     AIO is a corporation organized and in good standing under the laws of the State of Colorado with an office and principal place of business located at 20234 East Lake Circle, Centennial, Colorado.

5.     AIO provides a "cloud-based" service that aggregates multiple sources of video content and delivers that content via a unified portal, providing wireless phone and mobile device users and personal computer users having an Internet connection with a unique "television-like" viewing experience.

6.     AIO has been offering this service throughout the United States, and worldwide, since at least January, 2010 under the distinctive "aio" (pronounced "A-O") trademark, used alone and along with multiple suggestive and descriptive terms, including "aioTV," "MYaio," "aioCloud," "aioPro," and "aioBasic."

7.     All of AIO's business activities within the United States are conducted from, and by personnel based at, its Centennial, Colorado office.

8.     AIO has never had an office or other place of business within the State of Georgia, never had an employee or agent residing in Georgia, never owned real or personal property situated within Georgia, never negotiated or entered into a contract within Georgia, never had a bank account or paid taxes in Georgia, never received revenues from a bank account or other payment source within Georgia, and has never been licensed, authorized, or registered to do business, or appointed an agent for the service of process, in Georgia.

9.     AIO has two distinct types of customers: (a) consumers who subscribe to "aioTV" service to watch IPTV and other video content across multiple devices, and (b) industry customers such as Google TV and competitors of Plaintiff's who pay AIO license fees allowing them to offer the "aioTV" platform to their wireless phone and IPTV customers.

10.     AIO does not focus and direct its marketing and sales efforts at a particular State such as Georgia as to either type of customer.  Rather, those marketing and sales activities are focused on and directed at the entire United States, and internationally.

11.     AIO does not advertise in Georgia and has never targeted Georgia residents for any marketing or advertising campaign.  AIO has never presented any exhibits or demonstrations at a trade show or similar exhibition in Georgia.

12.    As to individuals who wish to use "aioTV," AIO maintains an Internet website (www.aio.tv) containing information about its service.  Anyone in the world who has access to the internet may log-on and download "aioTV" for use on their wireless device or computer.  This is a free, no-contract service for the individual user.  The only revenue AIO derives from providing this service comes from third-party advertisers who pay AIO so their ads can appear on and be accessed by users of aioTV.

13.    AIO's website does not cater to, reference, or otherwise specifically target residents of Georgia.  AIO does not presently track the identity of its customers on a state-by-state basis.

14.    As to the second class of customers, which are independent companies that pay AIO license fees to offer aioTV to their own customers, AIO currently has distribution agreements with seven such customers in the United States.  None of these companies has a principal place of business in Georgia, and none of those agreements was negotiated or entered into in Georgia.

15.    AIO has no knowledge of or control over where, or in what states, these independent companies market and sell their products and services.

16.    Plaintiffs are not consumers of AIO's products or services.  AIO has no contractual relationship with Plaintiffs whatsoever.

17.    AIO has no connection with the State of Georgia and could never have anticipated that it would be forced to litigate against AT&T in a Georgia court based on Plaintiffs' unilateral decision to use AIO's name without permission.

18.    To proceed with the present case in Georgia would be extremely inconvenient and burdensome to AIO and its witnesses.  As previously stated, AIO conducts its business throughout the United States from its office in Centennial Colorado.  Key employees working at that office would of necessity be witnesses in this case.  If their attendance was required in Georgia, the burden this would cause for AIO would be not only the considerable expense of travel and lodging, but it would prevent these employees from performing their regular duties and adversely impact the operation of AIO's business.

19.    I also have information to believe, but do not yet know for certain, that the "branding company" that Plaintiffs allege suggested the use of the term

{JK00490707.1 }

3

"aio" for Plaintiff Aio Wireless LLC's company name is Signal Rock Communications, LLC, a Colorado limited liability company located in Boulder, Colorado ("Signal Rock"). The Managing Partner and Co-Founder of Signal Rock is Kathy Van Buskirk, a resident of Boulder, Colorado. On information and belief, Ms. Van Buskirk is also Head of Public Relations and Communications for Plaintiff Aio Wireless. As Head of Public Relations and Communications for Plaintiff Aio Wireless, Ms. Van Buskirk is in charge of public relations and communications, including communicating the "aio" brand to consumers, business, social media channels, and the media. If Signal Rock was in fact the branding company that Plaintiffs' employed to select the name "aio," even more of the material witnesses and relevant discoverable information would be located in Colorado.

20. In addition, most of the relevant documents that AIO would foreseeably produce on its behalf are located in Colorado. Other sources of proof from third parties would likewise be most conveniently and economically accessed by AIO in Colorado, where it has established arrangements for sharing information with companies with which it does business.

21. Finally, taking account of the relative means of the parties, it should be much less inconvenient for the plaintiffs to litigate in Colorado than it would be for AIO to litigate in Georgia. AIO is currently projected to generate gross revenues of approximately $1.5 Million during 2013. Plaintiffs are part of the AT&T Inc. conglomerate which, upon information and belief, is the 17th largest company in the world whose most recent reported annual gross revenue exceeded $127 Billion dollars.

22. Upon learning of Plaintiffs' unauthorized use of AIO's name, AIO was prepared to immediately file a legal action in Colorado to protect its legal rights. I understand that Plaintiffs' attorneys expressed an interest in finding a business resolution to this dispute, and requested that AIO give Plaintiffs time to explore various options. With that understanding, AIO delayed filing suit. I now believe, based on the events leading up to this lawsuit, that Plaintiffs did not have a genuine interest in finding a business solution and, instead, induced AIO to delay filing suit in Colorado so they could file this action in Georgia first.

{JK00490707.1 }

4

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 1st day of July, 2013.
Denver, Colorado

Michael Earle