UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC,  *Plaintiffs*,  v.  AIOTV, INC.  *Defendant.* | § § § § § § § § § § § § § § § Civil Action No. 1:13-cv-1901-JOF |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY
<u>PRIOR TO RESPONDING TO MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

                                                        **Page**

**I.**     INTRODUCTION ...................................................................................................1

**II.**    FACTUAL BACKGROUND ..................................................................................3

**III.**   ARGUMENT .........................................................................................................6

        **A.**     Plaintiffs Are Entitled to Limited Jurisdictional Discovery Because Jurisdictional Facts Are In Dispute ..........................................6

        **B.**     Limited Discovery Is Also Appropriate Where Additional Facts Will Resolve Jurisdictional Issues, Even If Plaintiff May Need to Supplement Its Jurisdictional Allegations ........................................9

**IV.**   CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

Page

## CASES

*Cartel Asset Mgmt., Inc. v. Altisource Portfolio Solutions, S.A.*,
   No. 1:11-CV-2612-TWT, 2012 WL 39559 (N.D. Ga. Jan. 6, 2012) ................... 7

*Carter v. Hoffman-LaRoche Inc.*,
   No. CV 590-285, 1991 WL 11701166 (S.D. Ga. Dec. 2, 1991) ......................... 9

*Eaton v. Dorchester Development, Inc.*,
   692 F.2d 727 (11th Cir. 1982) ............................................................................ 6, 7

*Edmond v. U.S. Postal Serv. Gen. Counsel*,
   949 F.2d 415 (D.C. Cir. 1991) ............................................................................ 7

*GTE New Media Servs. Inc. v. BellSouth Corp*
   199 F.3d 1343 (D.C. Cir. 2000) .......................................................................... 10

*Matthews v. Brookstone Stores, Inc.*,
   431 F. Supp. 2d 1219 (S.D. Ala. 2006) .............................................................. 7

*Renner v. Lanard Toys Ltd.*,
   33 F.3d 277 (3d Cir. 1994) .................................................................................. 9

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*
   395 F.3d 1275 (Fed. Cir. 2005) .......................................................................... 9

*Vogt v. Greenmarine Holding, LLC*,
   Dkt. No. 1:01-CV0311 JOF, 2002 WL 534542 (N.D. Ga. Feb. 20, 2002) ......... 8

## STATUTES

28 U.S.C. § 1404(a) ................................................................................................ 1

## RULES

Federal Rule of Civil Procedure 12(b)(2) ........................................................ 1, 5, 7, 9

Federal Rules of Civil Procedure 12(b)(3) ............................................................. 1

Plaintiffs AT&T Intellectual Property II, L.P. and Aio Wireless LLC ("Plaintiffs") submit this Memorandum in Support Of Motion For Leave To Conduct Limited Jurisdictional Discovery, filed in response to Defendant aioTV, Inc.'s ("Defendant") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and (b)(3) Or, Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Defendant's Motion").

## I. INTRODUCTION

Plaintiffs filed this action for a declaratory judgment in response to Defendant's demand that Aio Wireless cease using "Aio" for its recently launched wireless voice/text/data services company. Defendant had indicated in pre-filing communications that its goal was to seek a business resolution, not to litigate, but it maintained its threats without imposing any deadline or offering a concrete solution. Plaintiffs, therefore, sought a judicial declaration in this District that will quiet title to their ownership of, and right to use, Aio and Aio Wireless for their services and related devices, and that confirms such use does not infringe any common law trademark rights that Defendant claims to own.

On July 3, 2013, Defendant filed a motion to dismiss based, in part, on an asserted lack of personal jurisdiction under Rule 12(b)(2). Prior to commencing this action, Plaintiffs investigated and determined that Defendant – a provider of

1

television streaming services – conducts its business nationwide.  Plaintiffs concluded that Defendant's activities in connection with its business created sufficient minimum contacts with the State of Georgia such that this Court has personal jurisdiction over Defendant.

After Plaintiffs filed their action, Defendant filed a Verified Complaint in the District of Colorado.  That Complaint contained sworn allegations that not only confirmed, but bolstered, Plaintiffs' factual allegations underlying personal jurisdiction over Defendant in this District.  In support of its Motion here, however, Defendant submitted a declaration from its CEO Michael Earle – the same person who swore to the verified allegations in the Colorado Complaint – that contains serious inconsistencies with the allegations in the Colorado complaint and that raises questions as to the veracity of Mr. Earle's testimony here, in Colorado, or perhaps both.  Further, Mr. Earle's testimony suggests that Defendant has information related to jurisdictional questions, or access to it, but has chosen not to inquire, or is being willfully ignorant of the import of this critical data.

Under these circumstances, Plaintiffs cannot fully respond to Defendant's Motion without jurisdictional discovery.  Accordingly, Plaintiffs seek leave to

serve and take limited jurisdictional discovery before they respond to Defendant's motion to dismiss.[1]

## II.   FACTUAL BACKGROUND

On June 6, 2013, after having received two "cease and desist" letters from Defendant demanding that Plaintiff Aio Wireless stop using its trade name, service marks and trademarks Aio Wireless and Aio, Plaintiffs filed this action for a declaratory judgment of non-infringement of Defendant's claimed common law trademark rights to "aio."  Before selecting this forum, Plaintiffs conducted an inquiry into Defendant's business and learned that:  (1) Defendant is a provider of television streaming services over the Internet and on wireless devices; (2) Defendant provides its television streaming service over the Internet to individual subscribers, who can access and use the service in any state; (3) Defendant provides its television streaming service through wireless application stores, which make Defendant's service available to individual users located throughout the country; and (4) Defendant's television streaming service is available through

---

[1] On July 9, 2013, the parties engaged in a telephonic "meet and confer" to discuss Plaintiff's proposed schedule for expedited jurisdictional discovery, including an agreed revised briefing schedule on both Plaintiffs' Motion to Enjoin Defendant from Prosecuting Second-Filed Acton in the District of Colorado, filed in this Court on June 19, 2013, as well as on Defendant's Motion to Dismiss.  However, Defendant refused to agree to any jurisdictional discovery, necessitating this motion.

Google TV, which is distributed nationwide and undoubtedly has numerous customers in Georgia.  Plaintiffs concluded from their inquiry that the nationwide distribution and use of Defendant's television streaming service constituted sufficient activity within the State of Georgia such that this Court has personal jurisdiction over Defendant.

On June 11, 2013, Defendant filed a Verified Complaint in the District of Colorado ("Colorado Complaint") in which it alleged:  (1) In January 2010 Defendant launched its website "offering" its television streaming service to the public (Col. Compl. ¶12); (2) it has been "marketing and selling" its television streaming service in commerce "worldwide" since January 2010 (*Id*.); (3) its television streaming service "has experienced rapid success, widespread consumer acceptance and public recognition throughout the United States and Canada" (*Id*. ¶ 13); (4) its television streaming service "is widely installed on Apple wireless services, including iPhones, iPads and iMac personal computers, [and] ANDROID wireless devices" *Id*; and (5) its television streaming service is "widely installed" on "IP television including the Google TV platform," (*Id*.  ¶ 13), and further, "[t]he Google TV platform has shipped to over one million consumers, all of whom have access to 'aioTV' . . ."  (*Id*. ¶ 18).  (*See* Saunders Decl. ¶2, Ex. A.)  These allegations were sworn to by Defendant's CEO Michael Earle.  The Colorado

4

Complaint confirmed Plaintiffs' initial understanding that Defendant has been providing its service in each of the 50 states, and therefore Defendant would be subject to personal jurisdiction in Georgia.

On July 3, 2013, Defendant filed a motion to dismiss under, *inter alia*, Rule 12(b)(2).  In support of the motion, Defendant submitted the declaration of Michael Earle dated July 1, 2013.  In the declaration, Mr. Earle considerably downplays the extent of Defendant's "marketing and selling" of its television streaming service and the "widespread consumer acceptance and public recognition throughout the United States" of its service, and fails entirely to mention that the service is "widely installed" on Apple, Android and Google TV devices and platforms, as he swore in the verified Colorado Complaint.  Instead, Mr. Earle states in his Georgia declaration that his company "does not presently track the identity of its customers on a state-by-state basis" and "has no knowledge or control over where, or in what states [its commercial customers] market and sell their products and services."  (Earle Decl. ¶¶ 13, 15).

The Georgia Earle Declaration appears to contradict the Colorado Complaint, in that Defendant now contends in support of its motion to dismiss that it does not have the nationwide distribution and sales alleged in the Colorado Complaint; it does not know where its direct commercial customers are located;

and it supposedly has "no connection" with the State of Georgia. Compare those allegations with the sworn allegations of the Colorado Complaint, which plainly indicate that Defendant has been engaging over the past three and a half years in continuous and systematic activity throughout the United States in distributing, selling and otherwise deriving income from its television streaming service — both directly and through intermediaries.

The foregoing scenario presents a compelling case for limited jurisdictional discovery, and, under well-settled case law, Plaintiffs are entitled to it. Plaintiffs should be granted leave to take limited jurisdictional discovery, described herein, <u>before</u> they respond to Defendant's motion to dismiss.[2]

### III. ARGUMENT

#### A. Plaintiffs Are Entitled to Limited Jurisdictional Discovery Because Jurisdictional Facts Are In Dispute

This Court may order limited jurisdictional discovery before it considers Defendant's motion to dismiss. "[F]ederal courts have the power to order, at their discretion, discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982)]. In *Eaton*, the Eleventh Circuit reversed the district court's dismissal

---

[2] Plaintiffs' Opposition to Defendant's Motion is currently due on July 22, 2013.

for lack of subject matter jurisdiction because the plaintiffs were not given an opportunity to obtain jurisdictional discovery:

> We hold that the district court's dismissal for lack of subject matter jurisdiction was premature. Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction. As we said in *Blanco*, "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.

*Id*.

In fact, "[a]s a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425, (D.C. Cir. 1991) (reversing district court's denial of request for jurisdictional discovery). Indeed, "[f]ederal courts have generally authorized jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1227 (S.D. Ala. 2006) (granting plaintiff's motion to conduct jurisdictional discovery prior to resolution of motion to dismiss).

In fact, the Northern District of Georgia recently granted a motion to permit limited jurisdiction discovery because the jurisdictional facts were in dispute. *Cartel Asset Mgmt., Inc. v. Altisource Portfolio Solutions, S.A.*, No. 1:11-CV-2612-

7

TWT, 2012 WL 39559 (N.D. Ga. Jan. 6, 2012).[3] Similarly, Plaintiffs here need limited jurisdictional discovery to confirm Defendant's actual contacts with the State of Georgia, especially in view of the conflicting sworn allegations and testimony that Defendant has provided.

For example, the fact that Defendant's television streaming service is offered to the public throughout the United States, is widely installed on Apple and Android wireless devices and is sold to users of Google TV, plainly indicates that Defendant conducts its business throughout the United States, including the State of Georgia.  Yet, Defendant claims it does not know where its customers are located or where its services are used.  (Earle Decl. ¶¶ 13, 15).  Additionally, the Earle Declaration raises questions directly relevant to personal jurisdiction in this District.  For example, the fact that Defendant "does not *presently* track the identity of its customers on a state-by-state basis" (Earle Decl. ¶ 13, emphasis added), begs

---

[3] *See, contra*, *Vogt v. Greenmarine Holding, LLC,* Dkt. No. 1:01-CV0311 JOF, 2002 WL 534542, *7 (N.D. Ga. Feb. 20, 2002), in which jurisdictional discovery would be "inappropriate and ineffective" where the proposed evidence to be discovered would still be insufficient to support personal jurisdiction.  Clearly, *Vogt* and other similar cases are inapplicable here, where Plaintiff's jurisdictional allegations were based on factual inquiry and not mere speculation, and where Defendant has raised issues on facts relevant to personal jurisdiction through its own inconsistent pleadings.

8

the question:  "If you did track the identity of your customers, how many are located in Georgia?"

Under these circumstances, Plaintiffs need limited jurisdictional discovery to determine the facts regarding Defendant's contacts with the State of Georgia and to inquire into the inconsistencies between the Colorado Complaint and the Georgia Earle Declaration.  Only then can Plaintiffs fairly respond to Defendant's Rule 12(b)(2) motion to dismiss.

### B. Limited Discovery Is Also Appropriate Where Additional Facts Will Resolve Jurisdictional Issues, Even If Plaintiff May Need to Supplement Its Jurisdictional Allegations

Federal courts routinely permit jurisdictional discovery where additional facts may be necessary to resolve jurisdictional issues raised by a defendant.  As the Third Circuit has noted, "[n]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction."  *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 283 (3d Cir. 1994); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.* 395 F.3d 1275 (Fed. Cir. 2005) (same); *Carter v. Hoffman-LaRoche Inc.,* No. CV 590-285, 1991 WL 11701166, at *1 (S.D. Ga. Dec. 2, 1991) (Permitting limited jurisdictional discovery and noting that the defendant will not be unduly prejudiced thereby)

Here, Plaintiffs' allegation of personal jurisdiction over the defendant was based on specific facts, enumerated in the Factual Background section above, as revealed during Plaintiffs' pre-filing inquiry. Those facts were confirmed by Defendant's sworn allegations in the Verified Colorado Complaint. Nevertheless, if additional facts may be necessary to establish this Court's personal jurisdiction over Defendant, jurisdictional discovery is warranted. [4]

Finally, the proposed discovery that Plaintiffs seek is focused solely on the jurisdictional issues in question: Defendant's contacts, activities and customers in the State of Georgia. Specifically, the discovery requests, attached as Exhibits A and B to Plaintiff's accompanying motion, as well as a deposition of Michael Earle, are limited to information concerning: (1) Defendant's customers/users and vendors located in the State of Georgia; (2) the extent of Defendant's customers' use of Defendant's service in Georgia; (3) the extent of Defendant's advertising and promotional efforts in Georgia; (4) the amount of advertising revenue generated from use of Defendant's service in Georgia; and (5) any other income derived or revenue generated by Defendant's service and/or activities in Georgia.

---

[4] Moreover, Plaintiffs will be able to supplement their jurisdictional allegations after obtaining the limited discovery they seek. *See, e.g., GTE New Media Servs. Inc. v. BellSouth Corp* 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for limited jurisdictional discovery, and to permit Plaintiffs sufficient time thereafter to file and serve their Opposition to Defendant's Motion. A proposed schedule is set forth below. In the event that the Court does not grant Plaintiffs' motion for limited expedited discovery, Plaintiffs respectfully request that the Court grant an extension of the due date for filing and serving their Opposition to Defendant's Motion to ten (10) days from the date of its order on Plaintiffs' motion.

Proposed Schedule for Jurisdictional Discovery

Defendant to respond to Plaintiffs' Interrogatories and Document Requests within twenty-one (21) days of the Court's order granting Plaintiffs' motion; Defendant produces Michael Earle for a deposition between thirty (30) and forty-five (45) days from the date of the Court's Order; Plaintiffs to file and serve their Opposition to Defendant's Motion within sixty (60) days from the date of the Court's Order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 12, 2013 | s/ William H. Brewster<br>William H. Brewster<br>Georgia Bar No. 080422<br>Kilpatrick Townsend & Stockton<br>1100 Peachtree Street, Ste. 2800<br>Atlanta, Georgia  30309<br>Telephone:  (404) 815-6500<br>Facsimile:  (404) 815-6555<br>Email: bbrewster@kilpatricktownsend.com |
| Of Counsel: | Darren W. Saunders, Esq. (Pro Hac Vice to be filed)<br>Linda A. Goldstein, Esq. (Pro Hac Vice to be filed)<br>Manatt, Phelps & Phillips LLP<br>7 Times Square<br>New York, New York 10036<br>Telephone:  (212) 790-4500<br>Facsimile:   (212) 790-4545<br>Email:        dsaunders@manatt.com<br>Email:        lgoldstein@manatt.com<br><br>Chad S. Hummel, Esq. (Pro Hac Vice to be filed)<br>Manatt, Phelps & Phillips LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, California 90064<br>Telephone:  (310) 312-4000<br>Facsimile:   (310) 312-4224<br>Email:        chummel@manatt.com<br><br>*Attorneys for Plaintiffs*<br>**AT&T INTELLECTUAL PROPERTY II, L.P. and AIO WIRELESS LLC** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was typed in Times New Roman 14 point font with a top margin of 1.5 inches in accordance with Rule 5.1 of the Local Rules of this Court.

> s/William H. Brewster
> William H. Brewster
> Georgia Bar No. 080422
> Kilpatrick Townsend & Stockton
> 1100 Peachtree Street, Ste. 2800
> Atlanta, Georgia  30309
> Telephone:  (404) 815-6500
> Facsimile:  (404) 815-6555
> Email: bbrewster@kilpatricktownsend.com

**CERTIFICATE OF SERVICE**

This is to certify that on July 12, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record, and that I caused service of the foregoing document upon counsel for Defendant aioTV, Inc. by dispatching the same via first class mail, postage prepaid, on July 12, 2013 at the following address:

>Edward T. Lyons, Jr.
>Daniel A. Wartell
>Aaron D. Goldhamer
>Jones & Keller, P.C.
>1999 Broadway, Suite 3150
>Denver, CO 80202
>
>Kelly L. Whitehart
>Morris Manning & Martin LLP
>1600 Atlanta Financial Center
>3343 Peachtree Road NE
>Atlanta, GA 30326-1044

>>s/William H. Brewster
>>William H. Brewster
>>Georgia Bar No. 080422
>>Kilpatrick Townsend & Stockton
>>1100 Peachtree Street, Ste. 2800
>>Atlanta, Georgia  30309
>>Telephone:  (404) 815-6500
>>Facsimile:  (404) 815-6555
>>Email: bbrewster@kilpatricktownsend.com

201777779.1