# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § § § § § § § § § § § § § | Civil Action No. 1:13-cv-1901-JOF |
| *Plaintiffs,* | | |
| v. | | |
| AIOTV, INC. | | |
| *Defendant.* | | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT AIOTV, INC.**

Plaintiffs, AT&T Intellectual Property II, L.P. and Aio Wireless LLC pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's Order dated ____, request that Defendant aioTV, Inc., within 21 days of service, answer these Interrogatories, and provide its responses to the same to the law offices of Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, NY 10036.

## **DEFINITIONS**

1. The terms "Plaintiffs" means AT&T Intellectual Property II, L.P. and Aio Wireless LLC, their officers, directors representatives, agents, or those acting with or under its authority or control.

2. The terms "aioTV", "Defendant", "you" or "your" means aioTV, Inc., its officers, directors, representatives, agents, or those acting with or under its authority or control.

3. The term "Defendant's Marks" means the terms: aio, aioTV, aio pro, aio cloud, and others incorporating the term "aio," to which aioTV claims common law trademark rights.

4. The term "aioTV Direct Service User" means subscribers or users that obtain the aioTV streaming service directly from aioTV without subscription to or use of any third party products or services, such as Google TV.

5. The term "aioTV Indirect Service User" means subscribers or users that obtain the aioTV streaming service indirectly from aioTV through subscription or use of any third party products or services, such as Google TV.

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. The term "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. The term "identify," when referring to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

11. The terms "all," "any" and "each" shall each be construed as encompassing any and all.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

14. The term "relate to" means consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

15. The term "including" shall be interpreted so as to expand the meaning or interpretation of a term or question and shall not be interpreted in a restrictive manner.

16. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary style.

## INSTRUCTIONS

1. Each Interrogatory shall be answered separately and fully in writing under oath or the grounds for refusal to answer shall be fully stated under oath. If You object to only a portion of any Interrogatory, You shall fully answer the remainder of the Interrogatory. If any of these Interrogatories cannot be answered in full, You must answer to the extent possible, specifying the reasons for Your inability to answer the remainder and stating whatever information, knowledge, or belief You have concerning the unanswered portion. If, in answering these Interrogatories, You encounter any ambiguities in construing a question, instruction, or definition, You shall set forth the matter deemed ambiguous and the construction used in answering.

2. These Interrogatories are continuing. Any additional information responsive to these Interrogatories that aioTV acquires and/or that becomes known to aioTV in the future shall be furnished to Plaintiffs promptly after such information is acquired by or becomes known to aioTV.

3. If you should make any objection to any request on the ground that it calls for the disclosure of a communication or information protected from discovery by any privilege or doctrine, including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, please provide a privilege log detailing each communication or document for which privilege is claimed and the basis for the claim. The privilege log shall include the following information concerning any such communication or information, where applicable: (a) its nature (*e.g.*, telephone communication, letter, memorandum) and whether it is reflected in or evidenced by any document, as defined herein; (b) the date on which it was made; (c) the name, address,

and occupation of each person who was a party to said communication, present at the time of (or who overheard) said communication, and (d) the Bates Numbers of the document(s).

## INTERROGATORIES

**Interrogatory No. 1.** State the number of aioTV Direct Service Users that have or had a mailing, post office box, or Internet Protocol address located within the State of Georgia by year, from 2010 to the present.

**Interrogatory No. 2.** State the number of aioTV Indirect Service Users that have or had a mailing, post office box, or Internet Protocol address located within the State of Georgia by year, from 2010 to the present.

**Interrogatory No. 3.** Identify each wireless carrier with whom aioTV has entered into an agreement to provide or to whom aioTV has provided any products or services under Defendant's Marks.

**Interrogatory No. 4.** Identify each licensee or other authorized user of Defendant's Marks.

**Interrogatory No. 5.** State the amount of revenue derived by aioTV from, or as a result of, use by aioTV Direct Service Users with a mailing, post office box, or Internet Protocol address located within the State of Georgia by year, from 2010 to the present.

**Interrogatory No. 6.** State the amount of revenue derived by aioTV from, or as a result of, use by aioTV Indirect Service Users with a mailing, post office box, or Internet Protocol address located within the State of Georgia by year, from 2010 to the present.

**Interrogatory No. 7.** State the name and address of any person in the located in the State of Georgia with whom aioTV has entered into a contract.

Dated: July \_\_\_\_, 2013

_____
William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kiltown.com

Darren W. Saunders, Esq.
Linda A. Goldstein, Esq.
Manatt, Phelps & Phillips LLP
7 Times Square
New York, New York 10036
Telephone:    (212) 790-4500
Facsimile:    (212) 790-4545
Email: dsaunders@manatt.com
Email: lgoldstein@manatt.com

Chad S. Hummel, Esq.
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224
Email: chummel@manatt.com

*Attorneys for Plaintiffs*
**AT&T INTELLECTUAL PROPERTY II, L.P. and AIO WIRELESS LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT** is being served via electronic mail and first class mail this _____ day of July, 2013 on counsel for the Defendant aioTV, Inc.:

    Edward T. Lyons, Jr.  (elyons@joneskeller.com)
    Daniel A. Wartell (dwartell@joneskeller.com)
    Aaron D. Goldhamer (agoldhamer@joneskeller.com)
    Jones & Keller, P.C.
    1999 Broadway, Suite 3150
    Denver, CO 80202

    Kelly L. Whitehart (kwhitehart@millermartin.com)
    Morris Manning & Martin LLP
    1600 Atlanta Financial Center
    3343 Peachtree Road NE
    Atlanta, GA 30326-1044

            _____
            William Brewster