# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § § § § § § § § § § § § § | Civil Action No. 1:13-cv-1901-JOF |
| *Plaintiffs,* | | |
| v. | | |
| AIOTV, INC. | | |
| *Defendant.* | | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR DOCUMENT AND THINGS TO DEFENDANT AIOTV, INC.**

Plaintiffs, AT&T Intellectual Property II, L.P. and Aio Wireless, LLC pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Order dated July ___, 2013, request that Defendant aioTV, Inc., within 21 days of service, respond to these Requests for documents and things, and provide its responses to the same to the law offices of Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, NY 10036.

## **DEFINITIONS**

1. The terms "Plaintiffs" means AT&T Intellectual Property II, L.P. and Aio Wireless LLC, their officers, directors representatives, agents, or those acting with or under its authority or control.

2. The terms "aioTV", "Defendant", "you" or "your" means aioTV, Inc., its officers, directors, representatives, agents, or those acting with or under its authority or control.

3. The term "Defendant's Marks" means the terms: aio, aioTV, aio pro, aio cloud, and others incorporating the term "aio," to which aioTV claims common law trademark rights.

4. The term "aioTV Direct Service User" means subscribers or users that obtain the aioTV streaming service directly from aioTV without subscription to or use of any third party products or services, such as Google TV.

5. The term "aioTV Indirect Service User" means subscribers or users that obtain the aioTV streaming service indirectly from aioTV through subscription or use of any third party products or services, such as Google TV.

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. The terms "all," "any" and "each" shall each be construed as encompassing any and all.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12. The term "relate to" means consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

13. The term "including" shall be interpreted so as to expand the meaning or interpretation of a term or question and shall not be interpreted in a restrictive manner.

14. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary style.

## INSTRUCTIONS

1. These requests call for all documents and things, as defined herein, that are known or are available to you, including all documents and things in the possession of, or under the custody or control of, your employees, attorneys, accountants, auditors, other professional persons, or any investigator or other persons acting under your or your attorneys' authorization, employment, direction, custody or control.

2. For each document responsive to these requests for production that is withheld from production, or from which any information has been redacted, on a claim of attorney-client privilege or attorney work product production, specify the privilege or work product

protection(s) you claim, and provide the following information: (a) the nature of the document (*e.g.*, letter, memorandum, contract, etc.) and a description of its subject matter; (b) the author or sender of the document; (c) the recipient(s) of the document; (d) the date that the document was authored, sent and received; and (e) the basis for your privilege claim.  If the claimed privilege or work product protection applies only to a particular phrase, sentence, paragraph, or section of a responsive document, the entire document should be produced with the allegedly protected portion redacted and a legend indicating that the withheld portion is the subject of a specified privilege or protection.

   3.  If any document that was, or might have been, responsive to these requests for production was destroyed, erased, surrendered, or otherwise removed from your possession, custody or control, at any time, provide, to the maximum extent possible, the following information: (a) the nature of the document (*e.g.*, letter, memorandum, contract, etc.) and a description of its subject matter; (b) the author or sender of the document; (c) the recipient(s) of the document; (d) the date that the document was authored, sent and received; (e) the circumstances surrounding the removal of the document from your custody, possession or control; and (f) the identity of the person(s) having knowledge of such removal from your custody, possession or control.

   4.  Any document that was generated or created by use of a spreadsheet program, *e.g.* Microsoft Excel, or by use of a presentation program, *e.g.* Microsoft PowerPoint, and any other electronically-stored information (ESI) produced in response to these requests for production, should be produced in native format with all metadata to be included with such productions.

   5.  If a document has been prepared in several copies that are not identical, or if additional copies have been made that are no longer identical, or if copies are no longer identical

by reason of subsequent modification or other modification of any kind whatsoever, on the front or back pages thereto, each non-identical copy is a separate document and must be produced.  In addition, if you maintain identical copies of the same document in different files and/or obtained identical documents from different sources, each identical copy is a separate document and must be produced.

6. These requests for production are continuing.  Additional documents or information that become known to you at any time hereafter must be furnished to Plaintiffs' counsel immediately.

## REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 1.**   Documents sufficient to identify each aioTV Direct Service User having a mailing address, post office box, or Internet Protocol address located within the State of Georgia, from 2010 to the present.

**Request No. 2.**   Documents sufficient to identify each aioTV Indirect Service User having a mailing address, post office box, or Internet Protocol address located within the State of Georgia, from 2010 to the present.

**Request No. 3.**   Documents sufficient to identify the number of times a person has accessed aioTV's products and service, whether directly or indirectly, from the State of Georgia, including but not limited to any person with a mailing, post office box or Internet Protocol address located within the State of Georgia, from 2010 to the present.

**Request No. 4.**   Documents sufficient to identify the amount of revenue generated from, or as a result of, use by aioTV Direct Service Users having a mailing address, post office box, or Internet Protocol address located within the State of Georgia, from 2010 to the present.

**Request No. 5.**   Documents sufficient to identify the amount of revenue generated from, or as a result of, use by aioTV Indirect Service Users having a mailing address, post office box, or Internet Protocol address located within the State of Georgia, from 2010 to the present.

**Request No. 6.**   Documents sufficient to identify each person with a mailing address, post office box address, or Internet Protocol address located within the State of Georgia, who has purchased or used aioTV's products and services through Google TV, from 2010 to the present.

**Request No. 7.**   A sample of each advertisement or promotional material, containing Defendant's Marks, that is or has been distributed to or accessible by residents of the State of Georgia, from 2010 to the present.

**Request No. 8.**   Documents supporting the allegations made in Paragraph 18 of Defendant's Verified Complaint in the action captioned, *aioTV Inc. v. Aio Wireless, LLC*, civil action number 1:13-cv-01493, filed in the United States District Court for the District of Colorado, namely that, "[t]he Google TV$^{TM}$ platform has shipped to over one million consumers, all of whom have access to "aioTV" upon activation of the TV."

**Request No. 9.**   Documents sufficient to identify any person in the located in the State of Georgia with whom aioTV has entered into a contract.

**Request No. 10.**   Each document referenced, consulted or reviewed in answering Plaintiffs' First Set of Interrogatories.

Dated: July ____, 2013

                                          _____
William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email: bbrewster@kiltown.com

Darren W. Saunders, Esq.
Linda A. Goldstein, Esq.
Manatt, Phelps & Phillips LLP
7 Times Square
New York, New York 10036
Telephone:   (212) 790-4500
Facsimile:    (212) 790-4545
Email: dsaunders@manatt.com
Email: lgoldstein@manatt.com

Chad S. Hummel, Esq.
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:   (310) 312-4000
Facsimile:    (310) 312-4224
Email: chummel@manatt.com

*Attorneys for Plaintiffs*
**AT&T INTELLECTUAL PROPERTY II, L.P. and AIO WIRELESS LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of **PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT** is being served via electronic mail and first class mail this _____ day of July, 2013 on counsel for the Defendant aioTV, Inc.:

    Edward T. Lyons, Jr.  (elyons@joneskeller.com)
    Daniel A. Wartell (dwartell@joneskeller.com)
    Aaron D. Goldhamer (agoldhamer@joneskeller.com)
    Jones & Keller, P.C.
    1999 Broadway, Suite 3150
    Denver, CO 80202

    Kelly L. Whitehart (kwhitehart@millermartin.com)
    Morris Manning & Martin LLP
    1600 Atlanta Financial Center
    3343 Peachtree Road NE
    Atlanta, GA 30326-1044


                _____
                William Brewster

201776984.1