# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | Civil Action |
| | § | No. 1:13-cv-1901-JOF |
| *v.* | § | |
| | § | |
| AIOTV, INC. | § | |
| | § | |
| *Defendant.* | § | |

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENJOIN DEFENDANT FROM PROSECUTING <u>SECOND-FILED ACTION IN THE DISTRICT OF COLORADO</u>

## I.    INTRODUCTION

Defendant aioTV, Inc. ("Defendant") makes two arguments in opposing Plaintiffs' Motion to Enjoin Defendant from Prosecuting Second-Filed Action in the District of Colorado ("Motion to Enjoin"):  (1) Aio Wireless' motion is moot in light of the "administrative closing" of the second-filed Colorado Action pending this Court's determination of Defendant's Motion to Dismiss or Transfer; and (2) this Court lacks jurisdiction to enjoin Defendant.

The first argument is plainly wrong because, notwithstanding the administrative closure of the Colorado case by Order dated July 18, 2013 (attached hereto as Exhibit A), that case could be reopened for "good cause."

The second argument is dependent on this Court's determination of personal jurisdiction over Defendant, and briefing on that issue will continue after Plaintiffs complete jurisdictional discovery by the end of August.  Accordingly, Plaintiffs submit that the Court may hold in abeyance any decision on the pending Motion to Enjoin until it decides Defendant's motion to dismiss on jurisdictional grounds.  If discovery reveals that the Court has personal jurisdiction over Defendant, then this Court should enjoin Defendant from prosecuting the second-filed Colorado Action

for the reasons expressed in the Plaintiffs' Memorandum of Law in support of their Motion to Enjoin.[1]

## II.   ARGUMENT

### A.   Plaintiffs' Motion To Enjoin Is Not Moot

Plaintiffs' Motion to Enjoin is not moot as the Colorado Action has merely been administratively closed – not dismissed.  Defendant may seek to prosecute the duplicative, second-filed Colorado Action after this Court decides the Motion to Dismiss, even if this Court finds that it has personal jurisdiction over Defendant and that it will retain the action.[2]

Defendant relies on *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200 (11th Cir. 1997) to support its mootness argument.  (Opp., p. 7.) However, *Reich* is inapposite because it discusses a traditional injunction sought as final relief and not, as here, an injunction against prosecuting a duplicative action.

---

[1] Defendant makes a number of other arguments at pp. 9-15 of Defendant's Opposition to Plaintiffs' Motion to Enjoin Defendants from Prosecuting Second-Filed Action in the District of Colorado ("Opp.") that are either not germane to the Motion to Enjoin or are more appropriately addressed on Defendant's Motion to Dismiss or Transfer.  Accordingly, Plaintiffs do not address those arguments herein and reserve the right to do so in their Opposition to Defendant's Motion to Dismiss, due on September 16, 2013, pursuant to this Court's July 16, 2013 Order.

[2] The Order issued by the Colorado court, dated July 18, 2013, expressly provides that either party may seek to reopen the matter for good cause.  (*See* Exhibit A hereto.)

*Reich* merely sets forth the general legal principle that a claim for a *permanent injunction* can be moot where " '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.' " *Reich*, 102 F.3d at 1201 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  This principle is inapplicable here because the issue is not whether a "violation" will recur, but rather whether Defendant should be restrained from prosecuting a second-filed, duplicative action.[3]  In short, the test for whether a permanent injunction is moot is irrelevant to this Court's determination of Plaintiffs' Motion to Enjoin.  (*See* Plaintiffs' Memo. of Law, pp. 10-11, discussing authority, which holds that the normal prerequisites for injunctive relief are not relevant here because the question of whether to enjoin duplicative litigation has nothing to do with the merits of the underlying action.)

In any event, here, the stay of the Colorado Action has not "completely and irrevocably eradicated" Defendant's ability to prosecute that action, as is clear from the July 18, 2013 Order issued by the Colorado court.

---

[3] Moreover, the Eleventh Circuit's discussion in *Reich* of the test for whether an injunction may be moot was dictum, as the case did not even concern an injunction.  In *Reich* the question was whether a proceeding for civil penalties under the Occupational Safety and Health Act becomes moot when an employer ceases doing business.  *Reich*, 102 F.3d at 1201.

**B.      The Court Should Hold Plaintiffs' Motion To Enjoin In Abeyance Until It Decides Defendant's Motion to Dismiss Based on Lack Of Personal Jurisdiction**

Defendant contends that "the Court does not have personal jurisdiction over [it] and therefore cannot enjoin [it]."  (Opp., p. 15.)  In view of this Court's Order dated July 16, 2013, granting leave to conduct jurisdictional discovery, the issue of whether the Court has personal jurisdiction over Defendant is yet to be determined. Defendant's argument that it cannot be enjoined because the Court does not have personal jurisdiction is entirely contingent upon the Court's determination of Defendant's Motion to Dismiss premised on lack of personal jurisdiction.  If jurisdictional discovery reveals that Defendant has minimum contacts with the State of Georgia or has been continuously and systematically doing business in the State of Georgia, as the Verified Complaint in the Colorado Action strongly suggests, Defendant's assertion that the Court cannot enjoin it due to lack of personal jurisdiction must be rejected.  For these reasons, the Court should hold in abeyance the determination of Plaintiffs' Motion To Enjoin, pending its determination of Defendant's Motion to Dismiss.

Indeed, courts routinely decide motions to enjoin second-filed actions after or concurrently with a decision on a motion to dismiss or transfer the first-filed action.  *See, e.g., The SSI Group, Inc. v. The American Hospital Assn.*, Dkt. No.

12-00684-KD-C, 2013 U.S. Dist. LEXIS 21826, *2 (S.D. Ala., Feb. 19, 2013)

(granting declaratory judgment plaintiff's motion to enjoin after denying

defendant's motion to dismiss first-filed action); *Trustco Bank v. Automated*

*Transactions LLC*, Dkt. No. 12-613-SLR, 2013 U.S. Dist. LEXIS 42875, *16 (D.

Del., Mar. 27, 2013) (granting declaratory judgment plaintiff's motion to enjoin

after denying defendant's motion to dismiss or in the alternative transfer the

action).  This Court can and should do the same.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that, upon a

determination by this Court that it has personal jurisdiction over Defendant, their

Motion be granted and that the Court enjoin Defendant from prosecuting the

second-filed Colorado Action.

Respectfully submitted,


Dated:  July 29, 2013                    s/William H. Brewster
                                         William H. Brewster
                                         Georgia Bar No. 080422
                                         Kilpatrick Townsend & Stockton
                                         1100 Peachtree Street, Ste. 2800
                                         Atlanta, Georgia  30309
                                         Telephone: (404) 815-6500
                                         Facsimile:  (404) 815-6555
                                         Email:  bbrewster@kilpatricktownsend.com


             Of Counsel:                 Darren W. Saunders, Esq. (Pro Hac Vice
                                         filed)
                                         Linda A. Goldstein, Esq. (Pro Hac Vice
                                         filed)
                                         Manatt, Phelps & Phillips LLP
                                         7 Times Square
                                         New York, New York 10036
                                         Telephone:   (212) 790-4500
                                         Facsimile:    (212) 790-4545
                                         Email:  dsaunders@manatt.com
                                         Email:  lgoldstein@manatt.com

Chad S. Hummel, Esq. (Pro Hac Vice filed)
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:   (310) 312-4000
Facsimile:   (310) 312-4224
Email:  chummel@manatt.com

*Attorneys for Plaintiffs*
**AT&T INTELLECTUAL PROPERTY
II, L.P. and AIO WIRELESS LLC**

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was typed in Times New Roman 14 point font with a top margin of 1.5 inches in accordance with Rule 5.1 of the Local Rules of this Court.

<p style="text-align: right;">s/William H. Brewster<br>
William H. Brewster<br>
Georgia Bar No. 080422<br>
Kilpatrick Townsend & Stockton<br>
1100 Peachtree Street, Ste. 2800<br>
Atlanta, Georgia  30309<br>
Telephone:  (404) 815-6500<br>
Facsimile:  (404) 815-6555<br>
Email: bbrewster@kilpatricktownsend.com</p>

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record.

<div style="margin-left: 40%;">

s/William H. Brewster
William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email: bbrewster@kilpatricktownsend.com

</div>