UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AIOTV INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action <br> ) No. 13-cv-1901-JOF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Federal Rule of Civil Procedure 26(c) that confidential information be disclosed in the above-captioned action (the "Litigation") only in designated ways:

IT IS HEREBY ORDERED THAT:

1. Any party or non-party who produces information or material to any party in connection with this Litigation (a "Designating Party") may designate any material or information as "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" under the terms of this Order to protect information within the scope of Federal Rule of Civil Procedure 26(c) ("Confidential Material").

{JK00500091.1 }

2. A Designating Party may designate as "Confidential" only that information that it in good faith believes contains information of a confidential or sensitive nature, including but not limited to non-public, proprietary, or confidential business or financial information.

3. A Designating Party may designate as "HIGHLY Confidential – Outside Attorneys' Eyes Only" only that information that it in good faith believes the disclosure of which to representatives of the adverse Party would cause it competitive harm, including but not limited to commercially sensitive information that the Designating Party maintains as highly confidential in its business.

4. The designation of Confidential Material shall be made in the following manner: (a) in the case of documents or other materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" to each page containing any confidential material; (b) in the case of materials in electronic, digital or other media, by causing each document or page to be electronically marked as "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" or taking other steps reasonably calculated to notify the person receiving documents covered by this Order (the "Receiver") that the materials are designated as

Confidential Material under this Order; and (c) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within 30 days after receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" shall be deemed Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

5. In the event that the Designating Party inadvertently produces Confidential Material without designating the documents or information as "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only," the Designating Party may subsequently notify the Receiver in writing that the documents or information should have been designated "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only." The Receiver shall thereafter treat any such subsequently identified documents or information as duly designated "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" and subject to this Order.

6. In the event that a Designating Party inadvertently produces attorney-client privileged documents or information or documents or information protected by the work product doctrine, the Designating Party may subsequently notify the Receiver that the privileged documents or information should not have been produced, or if the Receiver knows that the information is subject to privilege and likely inadvertently produced, the Receiver shall promptly return to the Designating Party all copies of the inadvertently produced privileged documents and information. Such inadvertent production of privileged documents or information shall not constitute a waiver of, or estoppel as to, any claim of privilege or other legal ground for withholding production to which the Designating Party would be entitled.

7. All Confidential Material shall be used solely for the prosecution or defense of this Litigation and shall not be disclosed in any manner to anyone other than those persons specified in paragraphs 8 and 9 below. Any other use is prohibited.

8. Access to information designated as "Confidential" shall be limited to:

a.  counsel who have appeared in this Litigation or who are actively engaged in the prosecution or defense of this Litigation, and employees of such counsel assisting in the conduct of this Litigation;

b.  experts or consultants assisting counsel in this Litigation;

c.  parties and employees of any party where deemed necessary to assist counsel in the prosecution or defense of this litigation and only in accordance with paragraph 10 of this stipulation and order;

d.  witnesses, who are current employees of the producing party, and their counsel, during the course of, or in preparation for, hearings or depositions in this Litigation; disclosure to witnesses, other than <u>current</u> employees of the producing party, only in accordance with paragraph 10 of this stipulation and order;

e.  Persons shown on the face of the document to have authored or received it, or employees, consultants, or experts testifying on behalf of the party from whose files the document was produced;

f.  the United States District Court for the Northern District of Georgia, and its personnel including stenographic reporters; and

g.  other persons only in accordance with paragraph 10 of this stipulation and order.

9. Access to information designated as "HIGHLY Confidential – Outside Attorneys' Eyes Only" shall be limited to persons identified in Subparagraphs 8(a), 8 (b), 8 (e), 8 (f), and 8(g) above.

10. In the event that counsel for any party determines that the prosecution or defense of this Litigation requires that any Confidential Material be disclosed to persons not otherwise authorized herein or those so delineated in subparagraphs 8 (c), 8 (d) and 8 (g), such counsel shall provide the Designating Party written notice of the intended disclosure (which notice shall specify with particularity the Confidential Material to be disclosed and the identity of the otherwise unauthorized person) not less than fourteen (14) days prior to disclosure. If the Designating Party timely objects in writing to such disclosure to the party giving notice, the Confidential Material shall not be disclosed unless the Court so orders.

11. If any Receiver (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Litigation, seeking material which was designated as "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" by someone other than the Receiver, the Receiver shall give written notice, by hand or facsimile transmission within forty-eight hours of receipt of such subpoena, demand or other legal process, to those who produced or

designated the material "Confidential" or "HIGHLY Confidential – Outside Attorneys' Eyes Only" and shall not produce the material so requested until at least ninety-six hours after giving such notice, unless required to do so by the subpoena, demand, or other legal process.

12. Each person to whom any Confidential Material is disclosed is hereby prohibited from divulging such without proper authorization, from exploiting in any way such material or information for his or her own benefit, or from using such material or information for any purpose or in any manner not connected with the prosecution or defense of this Litigation.

13. Each person to whom any Confidential Material is disclosed shall be bound by the terms of this stipulation and order. Prior to any such disclosure, each such person (including witnesses and their counsel, but excluding counsel of record and legal assistants or other law firm or law department employees working under their supervision in the prosecution or defense of this Litigation) shall execute the attached "Agreement To Be Bound by Consent Protective Order". Counsel shall maintain all such executed agreements on file throughout the pendency of this Litigation.

14. Entering into, agreeing to and/or complying with the terms of this Consent Protective Order shall not:

a. operate as an admission that any particular Confidential Material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

b. prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular Confidential Material should be produced;

c. prejudice in any way the rights of a party to apply to the Court to modify the terms of this stipulation and order or to move the Court for a further protective order;

d. prejudice in any way the rights of any party to use, or object to the use of, any Confidential Material at trial; or

e. affect the obligations of any party or person to comply with the terms of any compulsory process;

f. operate as an admission by Defendant that the Court has personal jurisdiction over Defendant, or that venue of this action is proper.

15. This Consent Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of its own documents, testimony and information.

16.  If any party wishes to include Confidential Material or any summary, abstract or description thereof in any document filed with the Court, the party shall follow the procedure set forth in the Court's Guidelines to Parties and Counsel:

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL," the party shall first present directly to Judge Forrester's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed. The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will

contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

17. This Consent Protective Order shall be effective from the date on which it is entered by the Court and shall apply to all documents in this case, whether produced before or after the date of this order. Prior to trial the parties shall discuss procedures to protect the confidentiality of documents or information designated SUBJECT TO PROTECTIVE ORDER.

18. Within sixty (60) days after final disposition of this Litigation (including all appellate proceedings), all Confidential Material and all copies, excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda), except for such material which has become part of the record in this Litigation, shall either be destroyed or returned to the person producing the material. Each party shall provide a certification as to such return or

destruction within the sixty (60)-day period. Counsel of record, however, shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. Any party may by motion, within sixty (60) days after final disposition of this Litigation (including all appellate proceedings), request the Court to order the clerk to return to the producing party all protected material placed under seal pursuant to this order.

Stipulated and agreed, this _____ day of _____, 2013.

| | |
|---|---|
| /S/ William H. Brewster | /S/ Kelly L. Whitehart |
| William H. Brewster | Kelly L. Whitehart |
| Georgia Bar No. 080422 | Georgia Bar No. 755447 |
| Kilpatrick Townsend & Stockton | Miller & Martin, PLLC |
| 1100 Peachtree Street, Ste. 2800 | 1170 Peachtree Street, N.E. #800 |
| Atlanta, Georgia 30309 | Atlanta, GA 30309-7706 |
| Telephone: (404) 815-6500 | Telephone: (404) 962-6100 |
| Facsimile: (404) 815-6555 | Facsimile: (404) 962-6300 |
| Email: bbrewster@kilpatricktownsend.com | Email: kwhitehart@millermartin.com |
| Attorneys for Plaintiffs | Attorneys for Defendant |

IT IS SO ORDERED this _____ day of _____, 2013.

_____
JUDGE J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

## AGREEMENT TO BE BOUND BY
## CONSENT PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she has read the Consent Protective Order entered in _____, Civil Action No. _____, in the United States District Court, Northern District of Georgia, on _____, and that he/she understands and agrees to be bound by all provisions of the aforesaid Consent Protective Order.

Signed: _____

Dated: _____

201880067.1