IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AT&T INTELLECTUAL
PROPERTY II,
L.P., and AIO WIRELESS LLC,

      Plaintiffs

            v.           Civil Action No. 1:13-CV-01901 JOF

AIOTV, Inc.,

      Defendant

## Joint Preliminary Report and Discovery Plan

**1.   Description of Case:**

    (a)   Describe briefly the nature of this action.

Plaintiffs seek a declaratory judgment that the trademarks and service marks "Aio", "Aio Wireless", "aio" (stylized), and "Aio Wireless" (stylized) (collectively the "Aio marks") do not infringe Defendant's alleged common-law trademark rights. Defendant has not yet answered or asserted any counterclaims and instead has moved to dismiss the case, pursuant to Fed.R.Civ.P. 12(b)(2) and (3) or, alternatively, to transfer venue to the U.S. District Court for the District of Colorado, pursuant to 28 U.S.C. § 1404(a). Defendant is entering into this Joint Preliminary Report and Discovery Plan only to comply with Local Rule 16.2, without prejudice to, and expressly reserving, all of its rights and remedies to continue to maintain that the Court lacks personal jurisdiction and venue is improper.

    (b)   Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiff Aio Wireless is a new wireless service provider, launched on May 9, 2013, that offers simplified service plans to consumers interested in unlimited

{JK00500082.1}

talk/text/data plans with no annual contract. Aio Wireless uses "Aio" and "Aio Wireless" as trademarks and service marks for its products and services. aioTV is a provider of "cloud-based" streamed video content available on wireless devices. aioTV claims to own common law trademark rights to "aio". aioTV sent two cease and desist letters to Aio Wireless in May 2013 alleging trademark infringement and demanding that Aio Wireless cease use of "Aio" and related marks. On June 6, 2013, Plaintiffs instituted this action for a declaratory judgment that Aio Wireless' use of Aio and Aio Wireless does not infringe any trademark rights of aioTV.

    (c)    The legal issues to be tried are as follows:

At this juncture, the legal issues to be tried are whether Plaintiffs are entitled to a judgment declaring that Plaintiffs and their authorized dealers' conduct, including their promotion, advertising, sale and offer for sale of goods and services does not constitute trademark infringement, false designation of origin or unfair competition under the Lanham Act, and that Defendant is not entitled to any relief with respect to Plaintiffs' use of the Aio marks.

Additional legal issues to be tried, if any, cannot be determined until the Court determines whether it has jurisdiction over the Defendant and if venue is proper; and then, even if jurisdiction and venue are upheld, until Defendant files an answer and counterclaim.

The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:

Defendant filed a second lawsuit in the United States District Court for the District of Colorado entitled AIOTV INC. v. AIO WIRELESS LLC, Civil Action No. 13-cv-01493-PAB-KLM. Aio Wireless, LLC moved to stay, dismiss or, in the alternative, transfer the case to this Court pursuant to the "first-filed" rule. The parties then filed a Joint Motion and Stipulation to temporarily stay that case until this Court decides the motion to dismiss or transfer the present case. By Order dated July 18, 2013, the motion to stay was granted and the case was administratively closed pursuant to D.C.Colo.L.Civ.R. 41.2, but subject to reopening for good cause, such as a final decision in the present case.

    (2)    Previously Adjudicated Related Cases:

None

2.  This case is complex because it possesses one or more of the features listed below (please check):

- - (1) Unusually large number of parties
- - (2) Unusually large number of claims or defenses
- - (3) Factual issues are exceptionally complex
- - (4) Greater than normal volume of evidence
- - (5) Extended discovery period is needed
- - (6) Problems locating or preserving evidence
- - (7) Pending parallel investigations or action by government
- - (8) Multiple use of experts
- - (9) Need for discovery outside United States boundaries
- - (10) Existence of highly technical issues and proof
- - (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| Plaintiff: | Chad S. Hummel, CHummel@Manatt.com 11355 W. Olympic Boulevard, Los Angeles, CA 90064, 310-312-4197 (*Pro Hac Granted*) |
| | Darren W. Saunders, Manatt, Phelps & Phillips, LLP, dsaunders@manatt.com, 7 Times Square, New York, New York 10036, 212-790-4600 (*Pro Hac Granted*) |
| | Bill Brewster, Kilpatrick, Townsend & Stockton LLP, BBrewster@KilpatrickTownsend.com Suite 2800, 1100 Peachtree Street, NE , Atlanta, GA 30309-4528, 404-815-6549 |
| Defendant: | Edward T. Lyons, Jr. (Pro Hac Vice Granted), elyons@JonesKeller.com, Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, CO 80202, 303-573-1600 |
| | Daniel A. Wartell (Pro Hac Vice Granted), dwartell@joneskeller.com, Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, CO 80202, 303-573-1600 |

Kelly L. Whitehart, Miller & Martin, PLLC, 1170 Peachtree Street, NE, #800, Atlanta, GA 30309-7706, 404-962-6100

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

√ Yes          ___ No

See Exhibit A hereto

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None

(b) The following persons are improperly joined as parties:

None

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Defendant's correct name is aioTV Inc., not aioTV, Inc. (there is no comma in the name).

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

{JK00500082.1 }

5

8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

In light of Defendant's motion to dismiss asserting lack of personal jurisdiction and this Court's order granting Plaintiffs leave to conduct limited jurisdictional discovery by the end of August, and because Local Rule 26.1 requires initial disclosures to be made notwithstanding the pendency of the motion to dismiss, the parties have agreed that the initial disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure be completed on or before September 30, 2013.

9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference prior to this Court's determination of the jurisdictional issue.

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties agree that this case should be assigned to the four-month

{JK00500082.1}

discovery period. Discovery will be needed relating to the factors to be considered for alleged trademark infringement and/or likelihood of confusion, together with the elements of the counterclaims Defendant will assert if its pending motion to dismiss the case for lack of jurisdiction and improper venue is not granted.

```
    If the parties anticipate that additional time beyond that
allowed by the assigned discovery track will be needed to
complete discovery or that discovery should be conducted in
phases or be limited to or focused upon particular issues,
please state those reasons in detail below:
```

None_____

```
11.  Discovery Limitation and Discovery of Electronically Stored
Information:

    (a)   What changes should be made in the limitations on
discovery imposed under the Federal Rules of Civil Procedure or
Local Rules of this Court, and what other limitations should be
imposed?
```

None, with the parties reserving their rights to revisit the issue at a later time should good cause be shown._____

```
    (a)   Is any party seeking discovery of electronically
stored information?

    √ Yes          ___ No

    If "yes,"

        (1) The parties have discussed the sources and scope
of the production of electronically stored information and have
agreed to limit the scope of production (e.g., accessibility,
search terms, date limitations, or key witnesses) as follows:
```

The parties have agreed to provide the names of individuals within the respective organizations likely to have discoverable electronically stored information and thereafter to cooperate in providing "search terms" to narrow the scope of electronically stored information.

```
        (2) The parties have discussed the format for the
production of electronically stored information (e.g., Tagged
Image File Format (TIFF or .TIF files), Portable Document Format
(PDF), or native), method of production (e.g., paper or disk),
```

and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have not yet discussed the format for production of electronically stored information, but will do so after the exchange of information as described above.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Court is requested to enter the Consent Protective Order that is being concurrently submitted.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify, by their signatures below, that they conducted a Rule 26(f) conference that was held on July 23, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): Bill Brewster

    Other participants:
        Darren W. Saunders and Chad S. Hummel

For defendant: Lead counsel (signature): Kelly L. Whitehart

    Other participants:
        Edward T. Lyons, Jr., Daniel A. Wartell, and Aaron D. Goldhamer

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    ( √ ) A possibility of settlement before discovery.
    (___) A possibility of settlement after discovery.

{JK00500082.1}

  ( ___ ) A possibility of settlement, but a conference with the judge is needed.

  ( ___ ) No possibility of settlement.

(c)   Counsel( √ ) do or (    ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is August 2, 2013.

(d)   The following specific problems have created a hindrance to settlement of this case.

Complexity of issues presented _____

14.   **Trial by Magistrate Judge:**

  Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

  (a)   The parties (___) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20__.

  (b)   The parties ( √ ) do not consent to having this case tried before a magistrate judge of this Court.

_____     _____

Counsel for Plaintiff                                    Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SCHEDULING ORDER**

  Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

{JK00500082.1 }

9

IT IS SO ORDERED, this ___13th___ day of August, 20_13_.

_____
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

{JK00500082.1 }

10

## EXHIBIT A

Defendant objects to the jurisdiction of the Court and has moved to dismiss this case, pursuant to Fed.R.Civ.P. 12(b)(2), because the Court lacks personal jurisdiction over the Defendant. Defendant has not purposely availed itself of the privilege of doing business in the State of Georgia. Defendant has not transacted any business in the State of Georgia, nor directed any activity to that State, sufficient to establish the minimum contacts necessary to subject it to the jurisdiction of this Court under Georgia's long-arm statute, § 9-10-91, O.C.G.A., or the Constitutional requirements of Due Process. *See, e.g., Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58, 1264 (11th Cir. 2010); *Jordan Outdoor Enter., Ltd. v. That 70's Store, LLC*, 819 F.Supp.2d 1338, 1340-41 (M.D. Ga. 2011); *Barton S. Co., Inc. v. Manhole Barrier Sys., Inc.*, 318 F.Supp.2d 1174, 1177-78 (N.D. Ga. 2004); *Imageline, Inc. v. Fotolia LLC*, 663 F.Supp.2d 1367 (N.D. Ga. 2009); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S.Ct. 2846, 2851 (2011); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985), and other authorities cited in Defendant aioTV Inc.'s Memorandum of Law in Support of its Motion to Dismiss (Doc. No. 8-1)

Plaintiffs' response to the Defendant's motion to dismiss is due to be filed September 16, 2013.