UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | ) ) ) |
| Plaintiffs, | ) Civil Action ) No. 13-cv-1901 ) |
| v. | ) ) ) |
| AIOTV INC. | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT AIOTV INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF MICHAEL EARLE IN SUPPORT OF MOTION TO DISMISS**

Defendant aioTV Inc. ("AIO"), by and through undersigned counsel, hereby respectfully moves this Court for Leave to File Supplemental Declaration of Michael Earle in Support of its Motion to Dismiss pursuant to F.R.C.P. 12(b)(2) and 12(b)(3) or, alternatively, to Transfer Venue pursuant to 28 U.S.C. § 1404(a) or § 1406(a) ("Motion to Dismiss") and states the following in support thereof:

**CERTIFICATION OF CONFERRAL**

AIO's counsel has attempted to confer in good faith with counsel for Plaintiffs concerning the relief sought by this Motion. It is unclear if Plaintiffs'

{JK00512053.1}    1

oppose AIO's request for leave set forth herein.

## ARGUMENT

As stated in the Supplemental Declaration of Michael Earle, attached hereto as **Exhibit A**, in October of 2011, AIO entered into a three-month "Trial Agreement" with a third-party Georgia company; this agreement produced no revenue for AIO. Exh. A at ¶¶ 3-4. The "Trial Agreement" was preceded by a related Non-Disclosure Agreement ("NDA"). *Id.* Mr. Earle's original Declaration filed in support of the Motion to Dismiss overlooked this "Trial Agreement" and related NDA not only because they produced no income for AIO, but also because the Trial Agreement was of exceptionally short duration, never ripened into a full-fledged license-distribution contract, and the Trial Agreement and related NDA were electronically maintained in a separate file folder from AIO's other contractual relationships. *Id.* at ¶ 4.

To correct the record, AIO seeks the Court's leave to amend its Motion to Dismiss (Doc. 8) with the Supplemental Declaration of Michael Earle. In this situation, the Court "should freely give leave" to amend. Fed. R. Civ. P. 15(a)(2). This is especially true because the amendment does not change the Court's jurisdictional analysis in AIO's Motion to Dismiss.

The Trial Agreement's existence does not change the fact that Plaintiffs

have failed to allege, and still cannot allege, a *prima facie* case of personal jurisdiction. Motion to Dismiss (Doc. 8) at 9-11. The Trial Agreement with a third party, which expired long before this action commenced, cannot supply the missing basis for either specific or general jurisdiction now. The Trial Agreement and related NDA fall far short of the systematic general business contacts required for general jurisdiction. *Id.* at 16-18. As Plaintiffs' claims do not arise from the Trial Agreement or related NDA, they do not confer specific jurisdiction. *Id.* at 18-19. The Trial Agreement and related NDA do not impact the other fairness factors that weigh in favor of dismissal. *Id.* at 19-20. The Trial Agreement and related NDA do not make Georgia a proper venue for this action, nor do they prevent the Court from exercising its discretion to transfer this case to Colorado. *Id.* at 21-25. In sum, the Trial Agreement and related NDA are a nullity for purposes of the Court's analysis of whether general jurisdiction exists, whether specific jurisdiction exists, and whether venue should be transferred.

## CONCLUSION

For the foregoing reasons, AIO requests that the Court grant it leave to amend its Motion to Dismiss with the Supplemental Declaration of Michael Earle.

DATED: September 6, 2013

                    Respectfully submitted,

                    <u>s/ Kelly L. Whitehart</u>
Kelly L. Whitehart
GA Bar No. 755447
MILLER & MARTIN, PLLC
1170 Peachtree Street, N.E. #800
Atlanta, GA 30309-7706
Telephone: (404) 962-6100
Fax: (404) 962-6300
Email: kwhitehart@millermartin.com

(*appearing pro hac vice*)
Edward T. Lyons, Jr.
elyons@joneskeller.com
Daniel A. Wartell
dwartell@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Fax: (303) 573-8133

***Attorneys for Defendant***

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was typed in Times New Roman 14 point font with a top margin of 1.5 inches in accordance with Rule 5.1 of the Local Rules of this Court.

___s/ Aaron Goldhamer___

## CERTIFICATE OF SERVICE

This is to certify that on September 6, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record as follows:

>James R. Thompson (Jt039@att.com)
>Darren W. Saunders, Esq. (dsaunders@manatt.com)
>Linda Goldstein, Esq. (lgoldstein@manatt.com)
>Chad S. Hummel, Esq. (chummel@manatt.com)
>William H. Brewster, Esq. (bbrewster@kiltown.com)

*Kelly L. Whitehart*

{JK00512053.1}

6