# EXHIBIT H

-----Original Message-----
**From:** Ed Lyons [elyons@joneskeller.com]
**Sent:** Tuesday, September 03, 2013 03:39 PM US Mountain Standard Time
**To:** Hummel, Chad
**Cc:** Saunders, Darren
**Subject:** AT&T v. aioTV - Email 1 of 3

**PLEASE NOTE THIS EMAIL WILL BE SENT IN THREE PARTS DUE TO THE SIZE OF THE ATTACHMENTS.**

Chad,

This e-mail will respond to your e-mail below and will also serve as a meet-and-conferral regarding a motion we intend to file later this week for leave to file a supplemental declaration of Mike Earle in support of Defendant's pending motion to dismiss for lack of *in personam* jurisdiction and improper venue.

First, with regard to your inquiry about the communications with Cox that came up during Mr. Earle's deposition, further review has confirmed our original understanding that the e-mails in question are not within the scope of Plaintiffs' First Set of Requests for Document and things. Request No 7 sought:

> "A sample of each advertisement or promotional material containing Defendant's Marks, that is or has been distributed to or accessible by residents of the State of Georgia, from 2010 to the present. "

In response, although in fact no such advertising or promotional materials had been directed at Georgia residents, Defendant nevertheless produced *samples* of advertising or promotional materials which could have been *seen* by residents of Georgia because they were freely accessible on the Internet. (Bates Nos. AIOTV000458-527).

Production of the e-mail communications between Defendant and Cox Communications would not be responsive to that request, for several reasons. To begin with, the e-mails were *confidential* communications that were, by their very nature, never intended to be, and never were, "distributed to or accessible by residents of the State of Georgia." More importantly, because the term "advertisement or promotional material" was not otherwise defined in Plaintiffs' discovery request, the usual and ordinary meaning of the term governs – as Plaintiffs' Definition No. 14 expressly provides. The commonly understood meaning of "advertisement" is "[a] notice, such as a poster or a paid announcement in the print, broadcast, or electronic media, designed to attract public

attention or patronage." *American Heritage Dictionary of the English Language* (4th ed. 2000). Similarly, the commonly understood meaning of "promotional" materials contemplates "articles of merchandise (often branded with a logo) used in marketing and communication programs. They are given away to promote a company, corporate image, brand, or event."  http://en.wikipedia.org/wki/Promotional_item

Your assumption that the Cox e-mails should be produced in response to Request No. 7 is therefore incorrect. Nevertheless, in the spirit of full disclosure, and to avoid the delay and waste of judicial and party resources that would be occasioned by an unnecessary discovery dispute, Defendant will voluntarily produce copies of the e-mails in question, between Plaintiff and Cox Communications. These documents, which are marked "HIGHLY Confidential – Outside Attorneys' Eyes Only" in accordance with the Consent Protective Order entered by the Court on August 5, 2013, are attached hereto as Bates Nos. AIOTV000528 - 910.  (Note: this production contains numerous duplications of e-mails and strings of e-mails, the elimination of which would be unreasonably time consuming and delay completing discovery at this time).

The e-mails that are being produced have brought to light the fact that Defendant did, almost two years ago, enter into a three-month "Trial Agreement" with Cox Communications, dated October 13, 2011, which never produced any revenue or ripened into an ongoing contract and was inadvertently overlooked when Defendant responded to the written discovery requests. Thus, in accordance with Fed.R.Civ.P. 26(e)(1), Defendant will promptly supplement its responses to Interrogatory No. 7 and Request for Documents No. 9 to provide this updated information.  We intend to serve these supplemented responses as soon as possible, no later than the end of this week. In the meantime, a copy of the prior Cox agreement is provided herewith as Bates Nos. AIOTV000911 - 917.

Finally, consistent with Mr. Earle's deposition testimony and the "Trial Agreement" with Cox that came to light as a result of reviewing the Cox emails, we intend to file a motion with the Court seeking leave to file a supplemental declaration of Mr. Earle in support of Defendant's motion to dismiss on jurisdictional grounds and for improper venue to reflect the facts as they are now known concerning the former existence of that agreement.  Please advise us if the Plaintiffs will not object and that this motion may therefore be filed as an unopposed or consent motion. We intend to file the motion to update Mr. Earle's declaration by the end of this week.

Sincerely,

Ed Lyons



**Edward T. Lyons, Jr**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133

**JONES&KELLER, P.C.**
elyons@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.