# EXHIBIT M

**From:** Aaron Goldhamer [mailto:agoldhamer@joneskeller.com]
**Sent:** Friday, September 06, 2013 1:27 PM
**To:** Hummel, Chad; Ed Lyons
**Cc:** Saunders, Darren; Dan Wartell; Goldstein, Linda; Slusser, Jessica
**Subject:** RE: AT&T v. aioTV

The supplemental declaration is attached.

Best,

A



**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
**JONES&KELLER, P.C.**
agoldhamer@joneskeller.com
www.joneskeller.com

NOTICE: THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

**From:** Hummel, Chad [mailto:CHummel@manatt.com]
**Sent:** Friday, September 06, 2013 10:56 AM
**To:** Aaron Goldhamer; Ed Lyons
**Cc:** Saunders, Darren; Dan Wartell; Goldstein, Linda; Slusser, Jessica
**Subject:** RE: AT&T v. aioTV

Aaron:  we are unable to take any position without first seeing the substance of the proposed declaration.  Can you please forward it?

Chad S. Hummel
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.

Los Angeles, CA 90064

(310) 312-4197
chummel@manatt.com

**CONFIDENTIALITY NOTICE:** This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at chummel@manatt.com or by telephone at (310)312-4000, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Aaron Goldhamer [mailto:agoldhamer@joneskeller.com]
**Sent:** Friday, September 06, 2013 9:46 AM
**To:** Ed Lyons; Hummel, Chad
**Cc:** Saunders, Darren; Dan Wartell
**Subject:** RE: AT&T v. aioTV

Hi Chad,

I'm writing to follow up concerning your clients' position on the below-described motion for leave to file a supplemental declaration in conjunction with the pending Motion to Dismiss.  If your clients have a position, please let us know.

Thanks,

Aaron



**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
**JONES&KELLER, P.C.**
agoldhamer@joneskeller.com
www.joneskeller.com

NOTICE: THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

---

**From:** Ed Lyons
**Sent:** Tuesday, September 03, 2013 3:25 PM
**To:** Hummel, Chad (CHummel@manatt.com)
**Cc:** dsaunders@manatt.com; Dan Wartell; Aaron Goldhamer; Brad H. Hamilton; Kelly Whitehart; Renae Mesch
**Subject:** AT&T v. aioTV

Chad,

This e-mail will respond to your e-mail below and will also serve as a meet-and-conferral regarding a motion we intend to file later this week for leave to file a supplemental declaration of Mike Earle in support of Defendant's pending motion to dismiss for lack of *in personam* jurisdiction and improper venue.

First, with regard to your inquiry about the communications with Cox that came up during Mr. Earle's deposition, further review has confirmed our original understanding that the e-mails in question are not within the scope of Plaintiffs' First Set of Requests for Document and things. Request No 7 sought:

> "A sample of each advertisement or promotional material containing Defendant's Marks, that is or has been distributed to or accessible by residents of the State of Georgia, from 2010 to the present. "

In response, although in fact no such advertising or promotional materials had been directed at Georgia residents, Defendant nevertheless produced *samples* of advertising or promotional materials which could have been *seen* by residents of Georgia because they were freely accessible on the Internet. (Bates Nos. AIOTV000458-527).

Production of the e-mail communications between Defendant and Cox Communications would not be responsive to that request, for several reasons. To begin with, the e-mails were *confidential* communications that were, by their very nature, never intended to be, and never were, "distributed to or accessible by residents of the State of Georgia." More importantly, because the term "advertisement or promotional material" was not otherwise defined in Plaintiffs' discovery request, the usual and ordinary meaning of the term governs – as Plaintiffs' Definition No. 14 expressly provides. The commonly understood meaning of "advertisement" is "[a] notice, such as a poster or a paid announcement in the print, broadcast, or electronic media, designed to attract public attention or patronage." *American Heritage Dictionary of the English Language* (4th ed. 2000). Similarly, the commonly understood meaning of "promotional" materials contemplates "articles of merchandise (often branded with a logo) used in marketing and communication programs. They are given away to promote a company, corporate image, brand, or event."
http://en.wikipedia.org/wki/Promotional_item

Your assumption that the Cox e-mails should be produced in response to Request No. 7 is therefore incorrect. Nevertheless, in the spirit of full disclosure, and to avoid the delay and waste of judicial and party resources that would be occasioned by an unnecessary discovery dispute, Defendant will voluntarily produce copies of the e-mails in question, between Plaintiff and Cox Communications. These documents, which are marked "HIGHLY Confidential – Outside Attorneys' Eyes Only" in accordance with the Consent Protective Order entered by the Court on August 5, 2013, are attached hereto as Bates Nos. AIOTV000528 - 910. (Note: this production contains numerous duplications of e-mails and strings of e-mails, the elimination of which would be unreasonably time consuming and delay completing discovery at this time).

The e-mails that are being produced have brought to light the fact that Defendant did, almost two years ago, enter into a three-month "Trial Agreement" with Cox Communications, dated October 13, 2011, which never produced any revenue or ripened into an ongoing contract and was inadvertently overlooked when Defendant responded to the written discovery requests. Thus, in accordance with Fed.R.Civ.P. 26(e)(1), Defendant will promptly supplement its responses to Interrogatory No. 7 and Request for Documents No. 9 to provide this updated information. We intend to serve these supplemented responses as soon as possible, no later than the end of this week. In the meantime, a copy of the prior Cox agreement is provided herewith as Bates Nos. AIOTV000911 - 917.

Finally, consistent with Mr. Earle's deposition testimony and the "Trial Agreement" with Cox that came to light as a result of reviewing the Cox emails, we intend to file a motion with the Court seeking leave to file a supplemental declaration of Mr. Earle in support of Defendant's motion to dismiss on jurisdictional grounds and for improper venue to reflect the facts as they are now known concerning the former existence of that agreement. Please advise us if the Plaintiffs will not object and that this motion may therefore be filed as an unopposed or consent motion. We intend to file the motion to update Mr. Earle's declaration by the end of this week.

Sincerely,

Ed Lyons



**Edward T. Lyons, Jr**
Attorney at Law
1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | F: 303.573.8133
**JONES&KELLER, P.C.**
elyons@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER,

P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by the Department of the Treasury, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by the practitioner to be used, and that it cannot be used by any taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer, and (ii) supporting the promotion or marketing of any transactions or matters addressed herein. For information about this legend, go to http://www.manatt.com/Expertise.aspx?id=4870

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., And AIO WIRELESS LLC, | ) ) ) |
| Plaintiffs, | ) Civil Action ) No. 13-cv-1901 ) |
| v. | ) ) |
| AIOTV INC. | ) ) |
| Defendant. | ) ) |

**SUPPLEMENTAL DECLARATION OF MICHAEL EARLE**

Michael Earle submits this supplemental declaration in support of Defendant aioTV Inc.'s Memorandum of Law in Support of its Motion to Dismiss pursuant to F.R.C.P. 12(b)(2) and (b)(3) or, alternatively, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (the "Motion"), and declares as follows:

1. I am the Chief Executive Officer and founder of Defendant aioTV Inc. ("AIO"), and have personal knowledge of the matters set forth in this declaration. I am the same person who submitted a declaration dated July 1, 2013, in support of AIO's Motion (the "First Declaration").

{JK00512034.2 }

2.      I am submitting this declaration for the purpose of clarifying the First Declaration in light of certain facts that I had overlooked in the preparation of the First Declaration.

3.      Paragraph 8 of the First Declaration states that AIO "has never…negotiated or entered into a contract within Georgia…."  This statement was incorrect.  On October 13, 2011, AIO entered into a three-month "Trial Agreement" with CoxCom, LLC, which is located at 1400 Lake Hearn Drive, Atlanta, Georgia.  This "Trial Agreement" was preceded by a related Non-Disclosure Agreement ("NDA").

4.      I overlooked this "Trial Agreement" and the related NDA when making my First Declaration for several reasons, including the fact that the "Trial Agreement" was of exceptionally short duration, never resulted in any revenue to AIO, and never ripened into a full-fledged distribution agreement.  The "Trial Agreement" and the NDA were also electronically maintained in a separate file folder from AIO's other contractual relationships on which I had focused when preparing my First Declaration.

5.      I apologize for this oversight and any resulting confusion or inconvenience that my previous statement in paragraph 8 of my First Declaration may have caused.

I declare under penalty of perjury that the forgoing is true and correct.

Executed September 6, 2013.

Denver, Colorado

                                              Michael Earle