UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC,   )<br>)<br>)<br>Plaintiffs,   )<br>)<br>)<br>v.   )<br>)<br>AIOTV INC.   )<br>)<br>Defendant.   )<br>) | Civil Action<br>No. 13-cv-1901 |

_____

DEFENDANT AIOTV INC.'S INITIAL DISCLOSURES
_____

Pursuant to Fed.R.Civ.P. 26(a)(1) and Northern District of Georgia Local Rule 26.1 and in conformity with Appendix B, Form 1 thereof, Defendant aioTV Inc. ("AIO") hereby makes its initial disclosures.

**PRELIMNARY STATEMENT**

As the parties are presently litigating only the jurisdictional and venue issues raised in AIO's Motion to Dismiss or Transfer Venue (Doc. # 8, along with related documents, henceforth "Motion"), AIO has not yet asserted either counterclaims or other defenses.  AIO specifically reserves the right to supplement these disclosures at the appropriate time if the Motion is denied and AIO asserts counterclaims and/or defenses to the Complaint.  AIO reserves this right to supplement whether or not such reservation is specifically reasserted below in response to individual sections of this Form.

**(1)	If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an**

amended summons and complaint reflecting the information furnished in this disclosure response.

Defendant is correctly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

AIO does not contend that Plaintiffs have failed to name a necessary party. AIO does not contend that there are any questions of misjoinder.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

The factual basis for AIO's contentions that this case should either be dismissed for lack of personal jurisdiction over AIO or transferred to the District of Colorado is set forth in AIO's Motion.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

The applicable legal authorities at this time are set forth in the table of authorities which accompanies AIO's Motion.

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

Please see Attachment A.

**(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

AIO does not have an applicable response at this time because the issues to be tried, if any, have not yet been established by the pleadings.  As described in the Preliminary Statement above, AIO reserves its right to supplement these disclosures following AIO's assertion of defenses and/or counterclaims.

**(7)     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

AIO has already provided documents to Plaintiffs in response to Plaintiffs' discovery requests pertaining to AIO's Motion.  Additional documents which may be used to support AIO's assertion that transferring venue is appropriate in this case include documents related to Plaintiffs' announcement of their now-national rollout of their "aioWireless" service.  Such documents are already in Plaintiffs' possession or are in the public domain.  As described in the Preliminary Statement above, AIO reserves its right to supplement these disclosures following AIO's assertion of defenses and/or counterclaims.

**(8)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

As described in the Preliminary Statement above, AIO has not yet asserted any counterclaims which seek damages.  If and when AIO asserts claims against Plaintiffs, AIO will provide the requisite disclosures.

**(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

AIO does not presently contend that some other entity is liable in this matter, but reserves the right to supplement this response upon discovery of relevant facts.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

As Plaintiffs presently seek only declaratory judgment, no insurance agreement appears to be applicable to satisfy part or all of any judgment in this case.

DATED:  September 30, 2013

Respectfully submitted,

s/ Kelly L. Whitehart
Kelly L. Whitehart
GA Bar No. 755447
MILLER & MARTIN, PLLC
1170 Peachtree Street, N.E. #800
Atlanta, GA 30309-7706
Telephone: (404) 962-6100
Fax: (404) 962-6300
Email: kwhitehart@millermartin.com

Of Counsel (*appearing pro hac vice*)
Edward T. Lyons, Jr.
elyons@joneskeller.com
Daniel A. Wartell
dwartell@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Fax: (303) 573-8133

## CERTIFICATE OF SERVICE

This is to certify that on September 30, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail documentation for such filing to the attorneys of record

as follows:

James R. Thompson (Jt039@att.com)
Darren W. Saunders, Esq. (dsaunders@manatt.com)
Linda Goldstein, Esq. (lgoldstein@manatt.com)
Chad S. Hummel, Esq. (chummel@manatt.com)
William H. Brewster, Esq. (bbrewster@kiltown.com)


  s/ Kelly L. Whitehart

# ATTACHMENT A

Michael Earle has information concerning AIO's lack of systematic contact with the State of Georgia, the lack of any specific action taken by AIO which specifically led to Plaintiffs' claim in this case, the facts described in his Declaration filed in support of AIO's Motion (Doc. # 8-2), and the facts described in his Supplemental Declaration (Doc. # 30-1).  Mr. Earle may only be contacted through undersigned counsel.

Jim Anderson has information concerning AIO's initial and supplemental responses to jurisdictional discovery in this case, including AIO's lack of systematic contact with the State of Georgia, and the lack of any specific action taken by AIO which specifically led to Plaintiffs' claim in this case.  Mr. Anderson may only be contacted through undersigned counsel.

Brad Hamilton has information concerning his conversations with Plaintiffs' counsel described in Mr. Hamilton's Declaration filed in support of AIO's Motion (Doc. #8-3) which deceived AIO into not filing its Colorado lawsuit prior to AIO's filing of this action.  Mr. Hamilton may only be contacted through undersigned counsel.

Darren Saunders has information concerning his conversations with AIO's counsel described in Mr. Hamilton's Declaration filed in support of AIO's Motion (Doc. #8-3) which deceived AIO into not filing its Colorado lawsuit prior to AIO's filing of this action.  Upon information and belief, Plaintiffs have Mr. Saunders' address and phone number.

Linda Goldstein has information concerning her conversations with AIO's counsel described in Mr. Hamilton's Declaration filed in support of AIO's Motion (Doc. #8-3) which deceived AIO into not filing its Colorado lawsuit prior to AIO's filing of this action.  Upon information and belief, Plaintiffs have Ms. Goldstein's address and phone number.

Kathy Van Buskirk has information concerning what actions she performed in Colorado on behalf of Plaintiffs, including her work with Signal Rock Communications, LLC and her position as Head of Public Relations and

Communications for Plaintiff Aio Wireless.  On information and belief, Plaintiffs have Ms. Van Buskirk's address and phone number.