# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T INTELLECTUAL PROPERTY II, L.P., and AIO WIRELESS LLC, | § § § § | Civil Action No. 1:13-cv-1901-JOF |
| *Plaintiffs,* | § § | |
| v. | § § | |
| AIOTV, INC. | § § | |
| *Defendant.* | § § § § § | |

## PLAINTIFFS' RULE 26(a) DISCLOSURES

Plaintiffs AT&T Intellectual Property II, L.P. ("AT&T") and Aio Wireless LLC ("Aio Wireless") (collectively, "Plaintiffs") hereby submit their Rule 26(a) disclosures as follows:

Plaintiffs' initial disclosures are made without waiver of, or prejudice to, any objections Plaintiffs may have.  Plaintiffs expressly reserve all such objections, including, but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these initial disclosures or the subject matter thereof; (i) proprietary

1

and confidential business information, financial data, and trade secrets that belong either to Plaintiffs or to individuals and entities with whom Plaintiffs conduct, or have conducted, business; and (j) documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law.  All objections are expressly preserved.

Plaintiffs make these disclosures based upon information reasonably available at this time.  Plaintiffs have not completed discovery in this case.  Accordingly, these initial disclosures are provided without prejudice to Plaintiffs' right to introduce at a hearing or at trial any evidence that is subsequently discovered.  Plaintiffs reserve the right to clarify, amend, modify, or supplement the information contained in these initial disclosures in accordance with the Federal Rules of Civil Procedure and the Local Rules.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., in which Plaintiffs seek a declaration that the trademarks and service marks "Aio", "Aio Wireless", "aio" (Stylized), and "aio wireless" (Stylized) (collectively, "Aio Marks"), which are being used in

connection with providing wireless voice, text and data services and the sale of related wireless devices and accessories therefor, do not infringe Defendant's claimed common law trademarks: "aio", "aioTV", "aio pro", "aio basic", "aio cloud" and others (collectively, "Defendant's Marks"). This action arises out of Defendant's recent demand that Plaintiffs "cease and desist from using 'aio', or anything confusingly similar thereto, as a trademark, service mark or trade name in connection with the sale and/or service of wireless devices."

The primary legal issue in this case is whether Plaintiffs' use of their Aio Marks infringes Defendant's claimed common law trademarks.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiffs' claims for declaratory judgment concern the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the Lanham Act, 15 U.S.C. § 1051, et seq. Plaintiffs seek declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125.

These disclosures are made prior to discovery in this action; accordingly, Plaintiffs are not yet aware of all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law applicable to this action.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to**

**support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Please see Attachment A. Plaintiffs are engaged in an ongoing investigation to determine the identities of other witnesses and third parties who may have knowledge regarding this matter. Additionally, Plaintiffs may designate additional witnesses once they determine through discovery the nature of Defendant's defenses and any potential counterclaims. Plaintiffs will supplement these responses pursuant to Fed. R. Civ. Proc. 26(e)(1) if and when such third parties are identified.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiffs have not yet identified those individuals they expect to present expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. Plaintiffs will supplement these disclosures if Plaintiffs become aware of individuals they expect to present such testimony.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Please see Attachment C. Virtually all of the documents described in Attachment C are either in the possession of Defendant or located at Plaintiffs' corporate offices in Georgia and/or at the offices of Plaintiffs' counsel.

Plaintiffs are also engaged in an ongoing investigation to determine whether other documents exist on which they may ultimately rely. Plaintiffs anticipate that certain documents may not be determined until discovery progresses and/or Defendant's defenses and any counterclaims are fully explored. Plaintiffs reserve their right to supplement these Disclosures pursuant to Fed. R. Civ. Proc. 26(e)(1) if and when such additional documents are identified.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R. Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Due to Defendant's accusations that Plaintiffs' use and ownership of the Aio Marks infringes Defendant's rights in those marks, Plaintiffs may be damaged. The full amount and extent of damages caused by Defendant's conduct is unknown at this time. Precise damages calculations will likely be subject to expert testimony and must await the disclosure of documents and other discovery from

Defendant.  Plaintiffs will supplement this Disclosure, to the extent necessary, at a later date.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Plaintiffs are not currently aware of any responsive insurance agreements.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

Plaintiffs are not currently aware of any responsive persons or legal entities.

Respectfully submitted,

Dated:  September 30, 2013    /s/ William H. Brewster
William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555
Email:        bbrewster@kiltown.com

Of Counsel:     Darren W. Saunders, Esq. (Pro Hac Vice to be filed)
Linda A. Goldstein, Esq. (Pro Hac Vice to be filed)
Manatt, Phelps & Phillips LLP

6

7 Times Square
New York, New York 10036
Telephone:  (212) 790-4500
Facsimile:  (212) 790-4545
Email:       dsaunders@manatt.com
Email:       lgoldstein@manatt.com

Chad S. Hummel, Esq. (Pro Hac Vice to be filed)
Manatt, Phelps & Phillips LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224
Email:       chummel@manatt.com

*Attorneys for Plaintiffs*
**AT&T INTELLECTUAL PROPERTY II, L.P. and AIO WIRELESS LLC**

## ATTACHMENT A
### Individuals Likely to Have Discoverable Information

Plaintiffs are aware of the following individuals and entities likely to have discoverable information that Plaintiffs may use to support their claims.

1. **David Cho** (General Attorney), **Miguel Garcia** (Marketing), **Andrea Kerr** (Marketing), **Cindy Matthews** (Marketing), **Jacob Mullins** (Head of Sales and Customer Support), **Brian Muncy** (Finance), **Nataraj Rao** (Head of Business Operations and Strategy), **Andy Smoak** (Head of Product and Marketing), **Jennifer Van Buskirk** (President), **Kathy Van Buskirk** (Head of Public Relations and Communications), and **Paul Weisbecker** (General Attorney) are all current or former employees or contractors of Aio Wireless, AT&T, or their affiliates, that were involved in brand selection and adoption, trademark search and clearance, marketing and promotion, sales, customer service/customer relations or the finances relating to Plaintiffs' selection, use and ownership of the "Aio Wireless" and "Aio" trademarks (collectively, the "Aio Marks"). Each of these individuals may be contacted through Plaintiffs' counsel of record.

2. **Hugh Tallents** at Interbrand, 130 Fifth Avenue, New York, NY 10011, Phone: (212) 798-7500, was involved in the selection and

adoption of the Aio Marks.

3. **Jill Peck** at Henderson Shapiro Peck, 1875 Old Alabama Road, Bldg. 900, Suite 910, Roswell, GA 30076, Phone: (678) 352-7100, was involved in brand collateral relating to the Aio Marks.

4. **Don Berg** at Maxmedia, 2160 Hills Ave, Suite A, Atlanta, GA 30318, Phone: (404) 564-0063, was involved in the design of the Aio Wireless website.

5. **Michael Earle**, CEO of defendant aioTV Inc. ("Defendant") is knowledgeable about all Defendant's defenses, any potential counterclaims, and Defendant's use of its alleged trademarks at issue.

6. **Person(s) most knowledgeable at Defendant** (to be deposed pursuant to Fed. R. Civ. Proc. 30(b)(6)) about all Defendant's defenses, and any potential counterclaims.

7. **Person(s) most knowledgeable at Google, Inc.** (to be deposed pursuant to Fed. R. Civ. Proc. 30(b)(6)) about scope of use of Defendant's alleged trademarks.

## ATTACHMENT B
## Experts Who May Be Used to Present Evidence at Trial

Discovery has not yet begun in this case. Accordingly, at this time, Plaintiffs have not identified experts who may testify on their behalf. However, Plaintiffs will supplement their disclosures, including their disclosures of experts, in accordance with the Federal Rules of Civil Procedures and the Court's Local Rules.

# ATTACHMENT C
## Documents, Data Compilations, and Tangible Things

Plaintiffs describe below by category those documents that they may use to support their claims or defenses:

| **Description** | **Confidential** |
|---|---|
| Trademark registrations relating to the AIO Marks | No |
| Defendant's websites | No |
| Defendant's corporate records | Unknown |
| Defendant's sales records for its aioTV service | Unknown |
| Defendant's advertising records for its aioTV service | Unknown |
| Defendant's promotional material for its aioTV service | No |
| Defendant's advertisements for its aioTV service | No |
| Defendant's licensees' advertisements for Defendant's aioTV service | No |
| Samples of Plaintiffs' use of the AIO Marks | No |

11

CERTIFICATE OF SERVICE

This is to certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail documentation for such filing to the attorneys of record, and that I caused service of the foregoing document upon counsel for Defendant aioTV, Inc. by dispatching the same via first class mail, postage prepaid, on September 30, 2013 at the following address:

> Edward T. Lyons, Jr.
> Daniel A. Wartell
> Aaron D. Goldhamer
> Jones & Keller, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO 80202
>
> Kelly L. Whitehart
> Morris Manning & Martin LLP
> 1600 Atlanta Financial Center
> 3343 Peachtree Road NE
> Atlanta, GA 30326-1044

s/William H. Brewster_____
William H. Brewster
Georgia Bar No. 080422
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Ste. 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:       bbrewster@kiltown.com
